M<sub>atthew</sub> M<sub>c</sub>Court, Plaintiff in Error, *v.* The People of the State of New York, Defendants in Error.

Where there are to the cellar-way of a dwelling-house two doors, one opening outwardly, the other opening into the cellar, the latter is an outer door of the house, and if closed and latched, the unlatching and entering constitutes a breaking and entry, within the meaning of the statute relating to burglary. (2 R. S., 668, § 10, *et seq.*)

Plaintiff in error, with two companions, stopped at the house of C. in the day-time. He asked C.'s daughter, who was alone at home, for a drink of cider, offering to pay for it. She refused to let him have it, and he thereupon opened the cellar door, although forbidden to do so by her, went in and drew some cider. He had procured cider there before, and was partially intoxicated at the time. He was indicted for burglary and larceny. Upon the trial his counsel requested the court to direct an acquittal, which was denied. *Held*, error; that the evidence failed to show that the accused entered with intent to commit a crime; that while there was an evidence of an intent to obtain a drink of cider and thus to deprive C. of his property, there was an absence of the circumstances ordinarily attending the commission of a larceny, and which distinguish it from a trespass, and that all the circumstances were consistent with the view that the transaction was a trespass merely.

Every taking by one person of the personal property of another without the consent of the latter, without right or claim of right, and with intent to appropriate it, is not larceny; there must also be a felonious intent.

(Argued April 3, 1876; decided April 11, 1876.)

E<sub>rror</sub> to the General Term of the Supreme Court in the third judicial department to review a judgment of the Court of Sessions in and for the county of Essex, entered upon a

verdict convicting plaintiff in error of the crime of burglary and larceny.

The indictment contained three counts: First. Burglary in the second degree. Second. Burglary in the third degree. Third. Larceny. The intended crime charged in each count was to steal cider.

On the 30th September, 1871, between eight and eleven A. M., plaintiff in error, with his brother and another companion, stopped at the house of the prosecutor, Hinckley Cole, who was then absent from home. The prisoner was partially intoxicated; he had before stopped at the house and procured cider. The daughter of Cole came to the door, and he asked her for some cider, offering to pay for it. She refused to let him have any. There were two doors to the cellar, one opening out, the other about eighteen inches distant opening into the cellar. The evidence on the part of the prosecution tended to show that the latter was shut and latched. The prisoner said he would have some cider any way, and started to go down cellar. Miss Cole forbade him, and ordered him to leave the premises, but he went on into the cellar and drew some cider in a pail. His brother followed him into the cellar, took the cider away, and succeeded in getting him away from the premises.

At the close of the evidence the prisoner's counsel requested the court to direct an acquittal. This the court refused, and said counsel duly excepted. The jury rendered a general verdict of guilty.

*Samuel Hand* for the plaintiff in error. There was no evidence of breaking and entering to sustain the verdict. (2 R. S., 668, §§ 10, 11; id., 669, § 20; *People* v. *Bush*, 3 Park., 552; *People* v. *Fralick*, Lalor [H. & D.], 63.) Even if the entry was technically a breaking in, by reason of the door being latched, it was not burglarious. (*Dobb's Case*, 2 E. P. C., 513; *Crocheron's Case*, 1 City H. Rec., 177; Urath. Dig., C. L. Burg., 48; *Rex* v. *Halloway*, 5 C. & P., 524; 1 Colby Cr. L., 535; 4 Black. Com., 227; 1 Russ., 822, 823; *Comfort* v.

*Fulton*, 39 Barb., 56.) There was nothing to justify a finding that a larceny was committed, or attempted or intended. (4 Black. Com., 241; 2 Russ., 8; 1 Hale, 509; *Hadley's Case*, 5 City H. Rec., 8; 1 id., 177; *Johnson* v. *People*, 4 Den., 364; *Payne* v. *People*, 6 J. R., 103; *People* v. *Caryl*, 12 Wend., 547; 2 R. S., 668, § 10, subd. 1, § 11; Laws 1863, chap. 244.)

*Nathaniel C. Moak* for the defendants in error. There was a sufficient breaking in to constitute a burglary. (2 R. S., 668, § 13; 2 Edm. Stat., 668; id., 669, § 18; 2 Whart. Cr. L. [7th ed.], §§ 1535, 1538; *Butler* v. *People*, 4 Den., 70; *Thompson* v. *People*, 3 Park., 213.) The court properly refused to charge that there was no evidence of a taking or carrying away of property. (2 Bish. Cr. L. [5th ed.], §§ 95, 97; id., §§ 794–797; 2 Whart. Cr. L. [7th ed.], § 1810; *Rex* v. *Lapier*, 1 Leach [4th ed.], 320; *Reg.* v. *Simpson*, Dearsby C. C., 421; 6 Cox Cr. C., 401.) It was not error for the court to instruct the jury that if the accused intended feloniously to deprive the owner of his property, although he did not intend to appropriate it, he was guilty. (*Reg.* v. *Halloway*, 2 C. & K., 944, 935; 2 Bish. Cr. L. [5th ed.], § 343; 1 id., § 342; *Comm.* v. *Mason*, 105 Mass., 163; *Comm.* v. *Tenney*, 97 id., 58, 59; *Comm.* v. *Coe*, 115 id., 422.) It was proper to refuse to charge that the fact that the offence was committed in the day-time, and in the presence of those in possession of the premises, would prevent a conviction. (*Chisser's Case*, T. Raym., 276; *Bealey* v. *Sampson*, 9 Vent., 84; Kel., 83; Burns' Justice [30th ed.], 223; Alison Prin. L. Scotland, 264, 265; Barb. Cr. L. [2d ed.], 175.)

Andrews, J. There was evidence authorizing the submission to the jury of the question whether the prisoner gained admission to the cellar by opening the door from the cellarway. This door was an outer door of the house. The fact that there was another door opening outwardly before reaching it, did not make it an inner door of the house. Like a

storm-door, the outer door was a barrier to the approach to the outer door of the house, and access to the house could not be obtained until the second door was opened. If, therefore, the prisoner in entering the cellar unlatched the door immediately communicating with it, there was a breaking and entry which would constitute burglary, provided the other constituent of the offence was made out, viz., that the prisoner entered with the intent to commit a crime. (2 R. S., 668, §§ 13. 18.)

The material question in the case is, whether the evidence justified the finding of the jury that the prisoner broke and entered the cellar with intent to steal cider therein ; which is the intent charged in the indictment. The breaking and entry was not a substantive offence ; and if the evidence was insufficient to show that it was done with intent to commit a larceny, the judge should have directed an acquittal. Every taking by one person of the personal property of another, without his consent, is not larceny ; and this, although it was taken without right, or claim of right, and for the purpose of appropriating it to the use of the taker. Superadded to this, there must have been a felonious intent, for without it there was no crime. It would, in the absence of such an intent, be a bare trespass, which, however aggravated, would not be crime. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury. (1 Hale's P. C., 509.)

Whether the criminal intent existed in the mind of a person accused of crime at the time of the commission of the alleged criminal act, must of necessity be inferred and found from other facts which in their nature are the subject of specific proof; and for this reason it is, that the other constituents of the crime being proved, it must, ordinarily, be left to the jury to determine, from all the circumstances, whether the criminal intent existed.

In some cases the inference is irresistible, and in others it may be, and often is, a matter of great difficulty to determine whether the accused committed the act charged with a

criminal purpose. But there are usually found in connection with an act done, which is charged to be criminal, attending circumstances which characterize it, and if these are absent, or the circumstances proved are consistent with innocence, a conviction cannot be safely allowed.

In this case the accused entered the cellar without right and against the protest of the prosecutor's daughter, with intent to obtain a drink of cider, and in that way to appropriate it to his own use and deprive the prosecutor of his property. So, if in passing through the prosecutor's orchard he had, without the consent and against the will of the owner, picked from the ground an apple and eaten it, the act would meet the general definition of larceny, to wit, a taking of the personal property of another, without his consent, and appropriating it to his own use with design to deprive the owner of it. Larceny might be predicated of such a transaction, but if it appeared the act was done openly, in the day-time, in the sight of the owner, a jury would not be called upon to convict; and the court might properly so advise them and direct an acquittal. In the case supposed the act would be a plain trespass, and the circumstances proved would be consistent with a design on the part of the accused to commit a trespass, and there would be an absence of circumstances usually accompanying a felonious taking.

In the case before us the accused was guilty of a rude and aggravated trespass. He persisted in entering the cellar to draw cider although forbidden to do so by the prosecutor's daughter. He offered to pay for it if she would furnish it. He had procured cider at this house before, and he was partially intoxicated. But these circumstances were no justification of his act; the daughter had a right to refuse to give him cider, and his offer to pay for it gave him no right to take it by force; and his intoxication, while it may to some extent account for his conduct, did not mitigate his offence or excuse his crime, if one was committed. But there was an absence of the circumstances which ordinarily attend the commission of larceny and which distinguish it from a mere

trespass. There was neither fraud, stratagem or stealth. The value of the cider which he intended to take was trivial, and the whole transaction was open, in the day-time, and in the presence or within the observation and knowledge of the prosecutor's daughter. The people gave in evidence the declaration of the accused, made to the prosecutor a short time after the transaction, on the occasion of the settlement of the civil damages, in answer to an inquiry, what his object was in so conducting himself at the house, that he was "rum crazy;" and this was very likely the truth. There was not only an absence of the usual *indicia* of a felonious taking, but all the circumstances proved are consistent with the view that the transaction was a trespass merely. To find this transaction a larceny it is necessary to override the ordinary presumption of innocence and to reject a construction of the prisoner's conduct, which accounts for all the circumstances proved without imputing crime, and to impute a criminal intention, in the absence of the ear-marks which ordinarily attend and characterize it. The accused was convicted of burglary and larceny and was sentenced to two years in the State prison. There was not, we think, sufficient evidence to warrant the conviction, in that it did not justify an inference that the accused acted with a felonious intent.

We cannot sustain the conviction without confounding the distinction between criminal acts and such as, however reprehensible, involve only a violation of private rights, and injuries for which there is a remedy only by civil action.

The refusal of the court to direct an acquittal was error, for which the conviction should be reversed.

All concur.

Judgment reversed.