THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAX ROGAN, Appellant.

First Department, March 30, 1928.

Crimes — criminally receiving stolen property — property was in possession of defendant shortly after theft — in absence of explanation of possession inference arose that defendant was guilty — verdict not against evidence.

The verdict of the jury convicting the defendant of criminally receiving stolen property was not against the evidence. It appears that the goods were stolen on August 27, 1926, and that on September 11, 1926, a part of the goods were found to have been in the possession of the defendant who sold them to a third person. The defendant at first denied any knowledge of the sale but when confronted with positive proof he stated that the goods had been in his possession for nine months but did not substantiate his statement with any proof. The goods were positively identified by several witnesses for the prosecution and the finding of the jury shows the falsity of the defendant's explanation of his possession.

Therefore, since it appears that the stolen goods were in the possession of the defendant shortly after they were stolen the jury were justified in inferring that his possession was guilty and the burden was then cast upon him to show that his possession was innocent; that burden he did not meet.

PROSKAUER and McAVOY, JJ., dissent, with opinion.

APPEAL by the defendant from a judgment of the Court of General Sessions of the County of New York, rendered on the 15th day of March, 1927, convicting him of criminally receiving stolen property in violation of section 1308 of the Penal Law.

*Alexander A. Mayper*, for the appellant.

*Archibald Firestone, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

FINCH, J. There is no question but that certain goods were stolen on August 27, 1926. Upon September 11, 1926, goods claimed to be a portion of the stolen property were found to have been in the possession of the defendant, who sold them to a third

party. Upon being questioned concerning said sale, the defendant denied positively any knowledge of business transactions with the vendee. When confronted with incontrovertible proof of the sale, the defendant then admitted the transaction and attempted to explain his acquisition of the goods by reference to bills which could not be found and by claiming that he had had the goods in his possession for more than nine months prior to September 11, 1926. Seven witnesses on behalf of the People identified the goods in question as the same goods which were stolen on August 27, 1926. The court submitted to the jury as a question of fact whether the property found in the possession of the defendant was part of the stolen property. The jury so found and thus established the falsity of the defendant's explanation of his possession, and hence justified the jury's inference of the guilt of the defendant. The rule is well established that possession of goods recently stolen creates an inference that such possession is a guilty one and casts upon the defendant the burden of explaining it to the satisfaction of the jury. (*People* v. *Galbo,* 218 N. Y. 283, 290; *People* v. *Spivak,* 237 id. 460; *People* v. *Conroy,* 97 id. 62.) As was said by Judge CARDOZO in *People* v. *Galbo* (*supra*): " It is the law that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal."

In *People* v. *Conroy* (*supra*), RUGER, Ch. J., said: " The resort to falsehood and evasion by one accused of a crime affords of itself a presumption of evil intentions, and has always been considered proper evidence to present to a jury upon the question of the guilt or innocence of the person accused."

As against the *prima facie* case established by the People upon the trial, no evidence whatsoever was offered on behalf of this defendant, now so vigorously protesting when the opportunity to take the witness stand is not available.

There is nothing presented upon this record but issues of fact. The jury was the tribunal to determine these issues. They did so without any difficulty and within ten minutes after the case was submitted to them. A careful reading and consideration of this record shows that their verdict cannot be said to be against the weight of evidence, but in accordance with it.

The judgment appealed from is right and should be affirmed.

DOWLING, P. J., and MERRELL, J., concur; McAVOY and PROSKAUER, JJ., dissent.

PROSKAUER, J. (dissenting). This defendant had a permanent place of business and sold these goods after the robbery through

a public salesman. There is only one circumstance that casts the slightest suspicion on him. When he was first challenged by the police officer he stated that he did not remember having sold any goods to the vendees named, but immediately upon presentation of the invoice to him corrected himself and stated that he recalled now having sold this one bill of goods to these vendees through a public salesman. This immediate correction destroyed any inference unfavorable to him which might otherwise have been drawn. There is no suggestion that the goods were sold at less than the market price. The record is bare of any evidence from which a jury might find beyond a reasonable doubt that this defendant had guilty knowledge. Moreover, the testimony as to the identity of the goods sold with the goods stolen is conflicting, vague and unsatisfactory.

The judgment of conviction appealed from should be reversed.

McAvoy, J., concurs.

Judgment affirmed.