THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES V. BOB and Another, Defendants, Impleaded with LOUIS P. JUBIEN, Respondent.

First Department, June 24, 1931.

*Robert Daru* of counsel [*Thomas C. T. Crain, District Attorney*], for the appellant.

*George Sylvester,* for the respondent.

MARTIN, J. The grand jury of New York county indicted Charles V. Bob, Frederick C. Russell and Louis P. Jubien on November 18, 1930, charging them in a common-law count with the larceny of $20,000, and the misappropriation thereof as bailees. They were also charged with criminally receiving money which belonged to a corporation known as the Metal & Mining Founders Shares, Inc. The $20,000 was the proceeds of a check written and signed in the handwriting of Louis P. Jubien to the order of Charles V. Bob and payable on the account of the Metal & Min-

ing Founders Shares, Inc. Each of the defendants entered a plea of not guilty.

On December 2, 1930, the defendant, respondent, Jubien, upon his own affidavit, made a motion in the Court of General Sessions of the County of New York for an inspection of the grand jury minutes. The district attorney opposed the motion, contending that a disclosure to the defendant, respondent, Jubien would result in the minutes being made public and available to the other two defendants who were clearly not entitled thereto.

Before the court had disposed of the motion to inspect the grand jury minutes, the defendant, respondent, Jubien, on December 24, 1930, moved for an order dismissing the indictment as to him and requesting the judge presiding to personally examine the grand jury minutes and thus obviate a disclosure to the other defendants. After the court examined the minutes an order was entered dated March 19, 1931, dismissing the indictment as to the defendant, respondent, Jubien, from which order the People have taken this appeal. The exhibits used before the grand jury and the minutes are not made a part of the record, but by consent were submitted to this court on the argument of the appeal.

The larceny with which the defendants are charged involved the sum of $20,000 alleged to have been stolen from the Metal & Mining Founders Shares, Inc., the proceeds of a check drawn on that corporation on November 18, 1929, to the order of one of the defendants, Charles V. Bob. This check was made out entirely in the handwriting of the defendant, respondent, Jubien, who contends that he was an innocent party to the transaction and that he did not intend to aid or abet the defendant Bob in the conversion of this money.

The defendant, respondent, Jubien testified before the grand jury under a waiver of immunity. He represented himself as a mere clerk; that he did as he was directed by the defendant Bob; that as a result of performing those acts he had become implicated not only in this transaction but in the felonious conversion and misappropriation of funds totaling millions of dollars.

It was shown that in May, 1928, the defendant Charles V. Bob and his associates organized three corporations, i. e., Metal and Mining Shares, Inc., a Maryland corporation, the Mineral Research Corporation, a New York corporation, and the Metal & Mining Founders Shares, Inc., a Delaware corporation.

The stock of the Maryland corporation was sold to the public to the extent of over $6,000,000. The stock of the New York corporation consisted of but 1,000 shares issued to the respondent

Louis P. Jubien who was supposed to have paid $1,000 for them. The Metal & Mining Founders Shares, Inc., had 375,000 shares of stock and an issue of millions of dollars of bonds. The 1,000 shares of stock of the Mineral Research Corporation were turned over by the defendant, respondent, Jubien to the Metal & Mining Founders Shares, Inc., for the 375,000 shares of stock of the latter corporation. The stock was then turned over to the defendants Jubien and Bob.

The defendants and their associates then began an exchange of the securities of the Metal and Mining Shares, Inc., with millions of dollars of invested money for the worthless bonds issued by the Metal & Mining Founders Shares, Inc. The plan to make this exchange was perfected at a meeting of the board of directors on August 16, 1929, the defendant, respondent, being present as secretary, and it was he who signed the minutes.

The People contend that the defendant, respondent, who had been associated with defendant Charles V. Bob since 1922, and who at the time of the transactions in question was being paid a salary of $2,000 a month, knew what disposition was being made of the funds of the Metal & Mining Founders Shares, Inc.; that he admits he signed the bonds of that corporation; that he directed the delivery of the 375,000 shares of the stock of that corporation to the Mineral Research Corporation for its 1,000 shares of stock; that he testified that during the eight years he was associated with the defendant Bob he handled his affairs and was intimately acquainted with all the details of his various business enterprises; that he knew the situation generally with regard to nearly all of Bob's corporations and that the details of these corporations were more or less in his management.

In deciding the motion the judge held that because he was of the opinion that the evidence before the grand jury did not " show the defendant guilty of the alleged crimes beyond a reasonable doubt " the indictment should be dismissed.

The People very properly contend that the grand jury was justified in finding an indictment against the defendant, respondent, Jubien on the evidence before it, and that the question of the felonious intent of the defendants was for the trial jury. Both propositions are so elementary that it would seem unnecessary to cite any authorities in support thereof. The People having established a *prima facie* case against the defendant, respondent, before the grand jury, the court was without power to dismiss the indictment upon the stated ground that the evidence before the grand jury did not " show the defendant guilty  *  *  *  beyond a reasonable

doubt." To reach such a conclusion the court assumed as true everything the defendant said, and acted as both judge and jury.

We are of the opinion that the grand jury minutes not only made out a *prima facie* case, but in the absence of explanation established a clear case against the defendant.

In *Ellis* v. *People* (21 How. Pr. 356, 359) the court said: " * * * and whether the conversion was a felony depended solely on the intent; and as the jury might find the larcenous intent, the judge properly declined to decide as a matter of law that larceny could not be predicated upon the facts. The felonious intent was a question for the jury, not for the court. The facts might or might not constitute larceny, depending upon the intent of the prisoner, which could only be found by the jury."

In *McCourt* v. *People* (64 N. Y. 583) the court said: " Whether the criminal intent existed in the mind of a person accused of crime at the time of the commission of the alleged criminal act, must of necessity be inferred and found from other facts which in their nature are the subject of specific proof; and for this reason it is, that the other constituents of the crime being proved, it must, ordinarily, be left to the jury to determine, from all the circumstances, whether the criminal intent existed."

The facts presented to the grand jury, which are uncontradicted and unexplained, warranted a finding of a felonious intent on the part of all the defendants, including the defendant, respondent, Jubien, to commit this larceny. The finding of the court that, *as a matter of law*, there was no intent on the part of the defendant, respondent, to commit the crime charged is not supported by the evidence.

The order should be reversed, the motion denied, and the indictment reinstated as against the defendant, respondent, Louis P. Jubien.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed and motion denied, and the indictment reinstated as against the defendant, respondent, Louis P. Jubien.