THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES J. VACCARELLA, Respondent.

Fourth Department, June 28, 1939.

*Stephen K. Pollard, Assistant District Attorney*, for the appellant.

*Maurice J. Kaman*, for the respondent.

PER CURIAM. The sole question upon this appeal is whether there was sufficient evidence before the grand jury to warrant the indictment for the crime of criminally receiving stolen property. Four rings which had been stolen on the 9th day of February, 1939, were, on the tenth day of February, received by the defendant from one of the persons who had stolen the rings. On the twelfth day of February they were discovered by the police in the possession of the defendant. " It is the law that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal." (*People* v. *Galbo*, 218 N. Y. 283, 290; *Goldstein* v. *People*, 82 id. 231; *People* v. *Rogan*, 223 App. Div. 242; affd., 249 N. Y. 544; *People* v. *Bob*, 233 App. Div. 94.) When the police officers went to a restaurant conducted by the defendant, the police officers asked the defendant, " where is the jewelry that was given to you to sell we are down here after? " The defendant replied, " I don't know anything about any jewelry. I don't know what you are talking about." One of the police officers having been previously informed that the defendant carried these rings in his pocket, reached toward the pocket, when the defendant took out the rings from the pocket and saying " you mean these rings " handed them to the officer. Before the grand jury both the defendant and one of the men who had stolen the rings were sworn and both testified that the man who took the rings originally said to the defendant when he brought the rings to him on February tenth that he had had a fight with his girl, had broken up and had got the rings back. He asked the defendant for a loan on the rings, and said, " I will be around in a day or two." The defendant added to this that the man who handed the rings to him said, " I want money for room rent. See if you can pawn them or something," and the defendant replied, " I can't do a thing with it, why don't you take them to a pawn shop? " and the defendant said further, " Come back tonight," and kept the rings. The man who stole the rings and the defendant had previously made similar separate statements to the police. We are of the opinion that these statements did not as matter of law amount to an exculpating explanation. The statements were given by the thief and the defendant, both of whom had previously been convicted of crime. The explanation is suspicious in itself,

and is not consistent with the defendant's denial of knowledge of the jewelry. The grand jury did not believe these witnesses and they were within their rights in disbelieving them and the *prima facie* case based on possession the day following the theft is sufficient to justify the indictment.

The order should be reversed and the motion denied.

All concur. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

Order dismissing indictment reversed on the law and motion denied.