THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ARTIE BERGER, Appellant.

First Department, December 13, 1940.

*Joseph Brill* of counsel [*Theodore E. Wolcott* with him on the brief], for the appellant.

*Burr F. Coleman* of counsel [*Stanley H. Fuld* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

TOWNLEY, J. This defendant was charged in the second count of the indictment with criminally receiving stolen property under the following circumstances: On March 26, 1940, one Schultz, an employee of a truckman, was carrying a truckload of mixed freight including a shipment of rubber thread. This rubber thread was packed in a wooden case, five feet high, two and a half feet wide, two and a half feet deep, weighing about 145 pounds gross. The truck had an inclosed body with doors and a tailboard in the rear. Schultz testified that except when deliveries were being made he kept the back of the truck shut by folding the tailboard up against the closed doors and fastening it with a chain. Schultz attempted to deliver the rubber thread to the consignee at 138 West Twenty-fifth street in the city of New York at about two-thirty in the after-

noon. He was unable to collect the sixty dollars due and, therefore, replaced the merchandise in the truck and closed the doors. He drove to Twenty-eighth street and Fifth avenue and while making another delivery he noticed that the rubber thread was in the truck. After making that delivery he did not look into the back of the truck but did notice that the doors and tailboard were still closed. When he reached his next stop at 2 Park avenue and opened the doors he discovered that the wooden case was missing. He reported the loss to the police at once and continued with his deliveries. The loss was discovered about three P. M.

About the same hour near the premises of 433 Greenwich street, a patrolman saw the defendant using a screwdriver to remove slats and markings from a wooden packing case which was lying on the sidewalk partially broken up. An automobile was parked at the curb with its trunk open. The officer remembered that the case had not been there a few minutes before and questioned the defendant. Defendant stated that he was driving the car, that it belonged to his brother-in-law and that he was removing the markings from the case because he was looking for a case. He said he was passing through the neighborhood and *saw this case on the sidewalk*. The officer told him to open the case up and the defendant remarked: " There is only junk in the case; * * * it is no good to me, anyhow." The patrolman testified that he made a superficial examination of the box but noticed only packing paper. But he telephoned for detectives. Two detectives arrived a few minutes later, opened the case and extracted four bolts of rubber thread. They asked the defendant where he had obtained the box. He said he had found it *" around the corner "* on *Laight and Hudson streets*. The patrolman reminded the defendant that he had said he had found it on Greenwich street between *Laight and Vestry streets*. The defendant then shrugged his shoulder and turned away. The detectives then placed the box in the trunk in the back of the car into which it fitted with a slight projection. Defendant was taken to the station house and Schultz was called and identified the box and fragments of wood as being the same packing case which had been on his truck. Schultz had never seen the defendant before and he also testified that he had not been on Greenwich, Laight or Hudson streets that day. There was introduced in evidence a bolt of rubber thread from the case and several pieces of wood on one of which was a piece of paper which indicated that the box had been consigned to the J. W. Knitting Fabrics Company at 138 West Twenty-fifth street by the Colonial Line. No defense was offered.

The conscious exclusive possession of goods recently stolen, if unexplained or falsely explained, permits the inference that the possession is a guilty one and is sufficient to sustain a conviction. (*People* v. *Galbo*, 218 N. Y. 283; *People* v. *Rogan*, 223 App. Div. 242.)

On the facts presented the appellant seems to be forced to take the position that there was enough evidence to show that the defendant was a thief but not to show that he was a receiver. The explanation given to the police by defendant negatives the idea that. he was the thief. The jury might well credit this part of his statement and reject the balance. The circumstance that the box was ultimately located several miles from the place where it was last seen on the truck is some indication that the defendant may not have been the actual thief but merely a receiver. In any event it was the jury's privilege to draw from the circumstances whichever inference they believed proper.

. This conclusion was reached long ago in *Reg.* v. *McMahon* (13 Cox C. C. 275). There the defendant was prosecuted for both larceny and receiving. The defendant was shown to have been in possession at ten o'clock in the morning of certain property taken from the home of her former employer during the previous night. Upon her arrest the defendant first claimed to have received the money from friends but subsequently said she found it on the road. The trial justice instructed the jury to acquit on the count of receiving stolen property but the jury nevertheless found the defendant guilty on that count. The court said (speaking through PALLES, C. B.): "To make a complete case of receiving as distinguished from larceny one matter is material and one alone, that is, evidence that some person different from the prisoner was the thief. There is a strong case on the evidence that the prisoner was the thief: was there evidence to go to the jury that the thief was some other person? There was a possibility that it was committed by some other person. She has confessed she found the property; the jury may adopt a part of her statement, and may disbelieve the other part. In dealing with this very technical question, merely being obliged to ask was there evidence that a crime was committed by some other person, I think that there was." The facts in the case at bar are so strikingly similar to those presented in the *McMahon* case, which stands as a classic decision on the subject, that there seems to be no room for legitimate difference with the result reached. That defendant may have been convicted of a more serious offense than the one committed is no answer. The situation is one entirely of his own making and he must abide by the consequence of his own act. We think the People's case was fully proved.

A further point is made that the jury really acquitted the defendant. The court had instructed the jury that the form of its verdict should be " that the defendant is guilty of having committed the crime of petit larceny, or guilty of criminally receiving stolen property, or not guilty." The jury came in and announced: " We find the defendant guilty of possessing stolen goods." The court refused to accept this verdict and directed the jury to retire and deliberate further. Eventually they brought in a verdict finding the defendant guilty of criminally receiving stolen property as charged in the second count of the indictment.

We find no error here. The court was under a positive duty to direct the jury to reconsider its verdict. (Code Crim. Proc. §§ 447, 448.) Certainly there is nothing in the form of the original verdict even to suggest that the jury was intending to acquit the defendant.

The judgment of conviction should be affirmed.

Martin, P. J., and Glennon, J., concur; Untermyer and Cohn, JJ., dissent.

Cohn, J. (dissenting). I dissent and vote to reverse the judgment of conviction. There was no proof to justify the defendant's conviction of the crime of criminally receiving stolen property knowing the same to have been stolen. The trial court should have granted defendant's motion to dismiss that count of the indictment at the close of the People's case.

The record is barren of any evidence that the property, if stolen, had been taken by some one other than this defendant; nor are there any facts from which such an inference reasonably might be drawn.

Recent and exclusive possession of the fruits of a larceny, if unexplained or falsely explained, will justify the inference that the possessor is the thief. " But as soon as evidence is offered that the theft was committed by some one else, the inference changes, and he becomes a receiver of stolen goods." (*People* v. *Galbo*, 218 N. Y. 283, 290, 291.) (See, also, *Goldstein* v. *People*, 82 id. 231, 233; *Stover* v. *People*, 56 id. 315.) In the absence of proof that some other person or persons had stolen the property, there could be no conviction of criminally receiving. There is not a scintilla of evidence that another had stolen the packing case and that defendant had received it from a thief. Nor was there any evidence of other similar transactions which might support a conclusion that this defendant was a criminal receiver of stolen goods.

While it is not necessary in a receiving case to identify the thief (*People* v. *Marino*, 271 N. Y. 317), there must be evidence upon which to base a conclusion that some one other than the receiver

committed the theft to justify the inference that the one in possession is a criminal receiver of stolen goods. (*People* v. *Galbo, supra; Goldstein* v. *People, supra; People* v. *Wilson*, 151 N. Y. 403, 408; 2 Wharton's Criminal Law [12th ed.], p. 1551.) In Wharton on Criminal Law the pertinent rule is stated as follows:

" § 1234. * * * As an elementary principle, if larceny by the defendant be proved, * * * the charge of receiving falls, because the offenses are substantially distinct, and because there can be no guilty reception *unless there be a prior stealing by another.* * * *" (Italics mine.)

It is true that the defendant stated to the police officer that he had found the packing case in the vicinity of the place where he had been arrested. It is argued, accordingly, that the jury may have believed that defendant was not the thief but that he had received it from a thief knowing it to be stolen property. However, if the defendant found the property, he was neither a thief nor a receiver. If he did not find it, then the presumption in this case must only be that he had stolen it.

Respondent relies upon *Reg.* v. *McMahon* (13 Cox C. C. 275 [1875]) to sustain this judgment of conviction. An analysis of that case shows that the facts there are essentially different from those in the case before us. There the defendant, who was a former employee of complainant, was found in possession of money and property stolen the night before. The only servant in the house at the time of the theft was murdered. When apprehended, the defendant stated: " The money in my bundle was sent to me by my friends to buy clothes." Subsequently she made another statement in which she said that she had found the money in the bundle on the road and that her first explanation that " friends had sent it " to her was untrue. In these circumstances, of course, the jury might have believed her first statement to the effect that she had received some of the stolen property from friends, and at the same time they might have disbelieved that portion of her statement in which she claimed that she had received the property innocently. In the case at bar there was no statement by defendant that the property was given to him by another.

In the excerpt from the *McMahon* case set forth in the prevailing opinion the statement appears: " There was a *possibility* that it [the theft] was committed by some other person." Partly upon this premise, the justice there reached the conclusion that the theft was committed by some other person. In this State we are precluded from following such a rule. Under our statute, the guilt of the defendant must be established beyond a reasonable doubt (Code Crim. Proc. § 389); that requirement extends to every element of the case which the People are called upon to establish.

(Chamberlayne " The Modern Law of Evidence," § 996a; *People* v. *Trimarchi*, 231 N. Y. 263, 267; *People* v. *Razezicz*, 206 id. 249; *People* v. *Bonifacio*, 190 id. 150; *People* v. *Place*, 157 id. 584.) An essential element of the crime of receiving stolen goods is that the theft must have been committed by some one other than the receiver. (*People* v. *Galbo, supra.*) A *mere possibility* that some one other than Artie Berger may have stolen the packing case is obviously insufficient.

In the *McMahon* case the comments of some of the other judges which appear in the official report of this case shed considerable light on some of the questions presented here. For example, DOWSE, B., stated (p. 278): " she [the prisoner] is as well off in this view of the case as she would have been in the other; she has got no longer sentence." And upon the question as to whether defendant may as well be convicted of receiving if only guilty of petit larceny, the observations of Chief Justice WHITESIDE, who refused to join in the decision of the majority, are pertinent. He said (at p. 281): " I think the two confessions relied on are consistent with the crime of theft, and not at all satisfactory evidence of the crime of receiving. I feel much difficulty in this matter, for I think no third person was shown to be connected with the crime. If a jury will convict a man without evidence, and against the direction of the court, can it be said that a judge is bound to accept and receive such a verdict against all reason, evidence, and justice? I cannot assent to the doctrine that the life or liberty of the subject is to depend on anything else, but the principle of justice."

In the case at bar, conceivably a jury might have adjudged defendant guilty of the crime of petit larceny. He was not convicted of that crime but of a much more serious one of which there was insufficient evidence of his guilt. Criminally receiving stolen property, by statute is a felony punishable by imprisonment for not more than ten years, or by a fine of not more than $1,000, or by both such fine and imprisonment (Penal Law, § 1308, amd. by Laws of 1940, chap. 443), whereas petit larceny is merely a misdemeanor. They are separate, distinct and independent offenses. (*People* v. *Zimmer*, 174 App. Div. 470; affd., 220 N. Y. 597; *People* v. *Brien*, 53 Hun, 496.) Assuming defendant was guilty of the misdemeanor charge, the improper conviction of the felony charge for which he has been committed to State's prison for not less than one year nor more than two years, obviously was prejudicial, and was not a mere technicality.

For all the foregoing reasons, this judgment of conviction was not warranted and it should not be permitted to stand.

UNTERMYER, J., concurs.

Judgment affirmed.