Burke, J.
The defendant was indicted for criminal negligence in the operation of a motor vehicle resulting in death in violation of section 1053-a of the Penal Law.
Tersely stated, the indictment in this case accuses the defendant of having caused the death of one Dorothy Ann Sager as a result of having lost control o'f an automobile he was operating when he lost consciousness during an epileptic seizure; and that he had prior knowledge that he was subject to epileptic seizures which struck without warning from time to time and rendered him unconscious and unfit to operate an automobile. The defendant challenges the legal sufficiency of the evidence upon which the indictment is based.
His attack on this indictment is based on three grounds: (1) testimony by his doctor that he had previously warned defendant not to drive was illegally presented to the Grand Jury, and without it evidence of one of the elements of the crime alleged is lacking; (2) there was not sufficient evidence that his automobile caused the death, and (3) there was not sufficient evidence that he had an epileptic seizure at the time alleged.
The tenor of the statements by defendant’s doctor reveals that they were necessary for the purpose of treatment and therefore privileged (Matter of Coddington, 307 N. Y. 181). As such testimony would have to he excluded on the trial if objected to (Civ. Prac. Act, §§ 352, 354; Code Crim. Pro., § 392), it was improper to present it to the Grand Jury (Code Crim. Pro., § 249). Nevertheless, even without this as well as other improper testimony, there was no lack of evidence of any element of the alleged crime. Furthermore, on the record, there was sufficient competent evidence from which the Grand Jury could find that the defendant’s automobile caused the death while he was unconscious as a result of an epileptic seizure.
True, the evidence relied upon to connect the accused with the crime charged, as well as that relied upon to establish that the crime was committed while the accused was undergoing an epileptic seizure, is wholly circumstantial — that is, there was no eyewitness testimony or other direct evidence to establish *129 either proposition. However, it has long been recognized that such evidence is not to be discredited simply because of its nature; it often has more reliable elements than eyewitness testimony which depends upon memory and may be influenced by passions and prejudices (People v. Harris, 136 N. Y. 423, 446). Of course, an indictment which is based upon circumstantial evidence which does not possess, the degree of certitude which the law requires as to those facts bearing upon the accused’s guilt must be dismissed (People v. Lewis, 275 N. Y. 33). The legal sufficiency of such evidence is measured by two standards: the facts from which the inferences of the accused’s guilt are drawn must be satisfactorily established; and they must not only be inconsistent with innocence, but must exclude to a moral certainty every other reasonable hypothesis but guilt. (People v. Harris, supra; People v. Razezicz, 206 N. Y. 249; People v. Lewis, 275 N. Y. 33, supra; People v. Bearden, 290 N. Y. 478.) But, as we pointed out rather recently, this does not mean that absolute or metaphysical certainty is required. Whether someone else may possibly have caused the death is not the issue. The issue is: does the evidence logically point to the defendant’s guilt, and exclude, to a moral certainty, every other reasonable hypothesis (see People v. Harris, 306 N. Y. 345, 351). In this instance that determination was for the Grand Jury in its capacity as arbiter of credibility and of the weight to be given to the evidence (People v. Vaccarella, 257 App. Div. 461; People v. Bod, 233 App. Div. 94). That a trial jury might not convict on this evidence is not our concern. The Legislature has specifically relegated the question of whether a trial jury would return a conviction on this evidence to the judgment of the Grand Jury (Code Grim. Pro., § 251). On the record we cannot say the legal evidence was insufficient for the Grand Jury to make such a determination. Nor is it clear from the record that the illegal evidence received influenced the return of this indictment. Under the circumstances this is the scope of our inquiry on this motion. Consequently, the indictment must be sustained.
Of course, if the evidence was such that even allowing for the Grand Jury’s judgment it did not disclose a violation of the statute charged, it would be our duty to dismiss the indictment. Particularly would that be true here as this is a case of first impression. But we are not confronted with such a *130 situation in this instance. The defendant is accused of violating section 1053-a of the Penal Law. That section provides: “ A person who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a human being is killed, is guilty of criminal negligence in the operation of a vehicle resulting in death.” The terms reckless and culpably negligent not only have a definite and certain inherent meaning, but also have a determinative significance acquired through a history of judicial construction which long antedates this enactment (see People v. Angelo, 246 N. Y. 451, 453-457; People v. Gardner, 255 App. Div. 683, 685, which upheld the constitutionality of this section when challenged on the ground of vagueness). Yet, because of the unforeseeable, infinite variety of circumstances to which they might apply, courts have declined to construe them in a very definitive manner. On various occasions we have defined them as meaning a “ disregard of the consequences which may ensue from the act, and indifference to the rights of others ” (People v. Angelo, supra, p. 457; People v. Grogan, 260 N. Y. 138, 144; People v. Bearden, 290 N. Y. 478, 482, supra). On occasion we have also cautioned that “ A distance separates the negligence which renders one criminally liable from that which establishes civil liability ” (People v. Rosenheimer, 209 N. Y. 115, 123; People v. Bearden, supra, p. 483); it is negligence which “reached beyond the bounds of lack of skill and foresight where civil liability begins to a point where criminal liability is imposed ” (Brown v. Rhyne, 242 N. Y. 176, 183); it “is therefore something more than the slight negligence necessary to support a civil action for damages ” (People v. Angelo, supra, p. 457). By this we meant, as the terms obviously import and an analysis of the decisions indicate, that ordinary negligent conduct — that is, negligent conduct arising from carelessness, inadvertence, lack of skill, competence or foresight — would not be a sufficient basis to predicate a conviction where reckless or culpably negligent conduct was required. This is why a conviction under this statute cannot be based solely on proof of excessive speed (People v. Bearden, supra; People v. Walker, 296 N. Y. 740). The conduct required is of a different kind. As the terms signify, this conduct arises when the actor has knowledge of the highly dangerous nature of his actions or knowledge of such facts as under the circumstances would disclose to a reasonable *131 man the dangerous character of his action, and despite this knowledge he so acts. That he does not view his conduct as dangerous is of no consequence; his lack of realization of the danger involved may arise from his abnormally reckless temperament or from unexpectedly favorable results of previous conduct of the same sort (see Womack v. Preach, 63 Ariz. 390; Cope v. Davison, 30 Cal. 2d 193; 2 Restatement, Torts, § 500). To be dangerous his conduct must involve a reasonable probability of serious bodily harm or death. This, of course, turns upon the particular circumstances of the case. These limitations preclude successful prosecution simply upon a showing that a driver killed another while his car was out of control due to a blackout resulting from one of the numerous diseases or afflictions which may cause such a blackout. Thus construed and limited it cannot be gainsaid that this statute is definite and certain. A constitutional objection of vagueness cannot validly be raised against a statute because there is “ an element of degree in the definition as to which estimates might differ ”. (Connolly v. General Constr. Co., 269 U. S. 385, 391.)
The phrase “ operates or drives any vehicle of any kind in a reckless or culpably negligent manner ’ ’ does not merely apply to the conscious manipulation of the controls of the vehicle. This is clearly demonstrated by the fact that one who, to his knowledge, was intoxicated and consciously operated a vehicle in such an erratic fashion as a result of his intoxication as to strike and kill a pedestrian on the sidewalk could be prosecuted under it; whereas another who operated a vehicle under the same circumstances, except that he blacked out from extreme intoxication a short time before his vehicle mounted the sidewalk and killed the pedestrian, could not be prosecuted under it. Such an unreasonable and anomalous result could not have been intended by the Legislature (Pierson v. People, 79 N. Y. 424, 433-434). The phrase “ operates or drives ” not only applies to the condition of the driver, but to the condition of the vehicle and to traffic conditions as well (see People v. Eurich, 303 N. Y. 723; People v. Kreis, 302 N. Y. 894; People v. Bonaventura, 271 App. Div. 900; People v. Berner, 304 N. Y. 690; 61 C. J. S., Motor Vehicles, § 609).
The evidence shows that the defendant had prior knowledge that he was subject to epileptic seizures which would strike without notice and leave him incapable of operating and con *132 trolling an automobile for a period which might extend from seconds to approximately a minute. This may be inferred from the following statement signed by him which was presented to the Grand Jury: “ For the past fifteen years I have had a minor epileptic condition which causes me to get dizzy spells and on occasion I have blacked out entirely so that I couldn’t remember what had happened. These spells and blackouts usually last only seconds but generally not over one minute. In the past few years these spells haven’t been as often but they seem to run in spells as sometimes I would have this condition once a day for a few days in a row and then it would be weeks before I would have any more of these spells. I have tried to correct this condition by going to many doctors but none of them have helped much. ’ ’ The evidence also shows that despite this prior knowledge of the dire risk to which his operation of an automobile would expose himself and others, he nevertheless operated an automobile; that he had a seizure while operating the automobile and that he lost control of it and consequently caused the death of another. This conduct did not have its origin in a lack of awareness; it was not ordinary carelessness or thoughtlessness. It went beyond the bounds of lack of skill and foresight and betokens a disregard by the accused and an indifference to the rights of others. If proved beyond a reasonable doubt, it would constitute driving a vehicle “in a reckless or culpably negligent manner ” in violation of section 1053-a of the Penal Law.
The order of the Appellate Division should be affirmed.