■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES EVERETT LEASURE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 21, 1967, convicting him of attempted robbery in the first degree, attempted grand larceny in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and a new trial ordered. The findings of fact below are affirmed. The trial court, in instructing the jury on alibi defenses, stated: " if after carefully interpretation [sic] the evidence given in behalf of the defendant * * * about the alibi * * * you come to the conclusion that it falls and it has been interposed here in denying as a false defense such a finding of facts by you may be considered as a circumstantial burden on the guilt of the defendant, if in your judgment it may fairly be inferred that he is thereby betraying a certain consciousness of his own guilt ". In the case at bar, the jury's disbelief in the alibi defense offered in behalf of

defendant could only be based on their evaluation of the defense witness' credibility regarding such defense. There was no independent proof that the alibi was fabricated. Consequently, the charge herein which instructed the jury that they could draw an inference of guilt from their disbelief of the alibi witness constituted prejudicial and reversible error. The burden of proof of guilt never shifts from the People (see *People* v. *Russell,* 266 N. Y. 147). Accordingly, a new trial is granted to the defendant. Since we are already reversing this judgment of conviction, we deem it advisable for the trial court on remand to conduct a pretrial hearing as to whether or not a show-up confrontation was used herein to enable the victim to identify the defendant; and if it was so used, to have the People at said hearing prove by clear and convincing evidence that the in-court identification was based upon independent observations and not upon the show-up procedure (*Stovall* v. *Denno,* 388 U. S. 293; *People* v. *Ballott,* 20 N Y 2d 600). (The pretrial identification herein took place prior to the Supreme Court's decision in *United States* v. *Wade,* 388 U. S. 218.) We reach this conclusion on the basis of the incomplete nature of the record and the conflicting testimony herein. Defendant was convicted for attempted robbery of a gasoline station in the early morning hours. Despite the testimony that the station was well illuminated, the whole episode took five minutes and the alleged confrontation between victim Paredas and defendant during the commission of the crime was of even shorter duration. It was brought out at the trial that Paredas was farsighted, and one disinterested witness testified that the victim had told him that his eyesight was poor. Moreover, the victim's description of the perpetrator was general and vague. The only other testimony as to the crime was supplied by a woman who drove defendant into the gas station and turned him in to the police several weeks later. She was indicted as a codefendant but her trial was severed, and she testified for the People, implicating defendant but maintaining that she knew nothing of the robbery or its plans when she drove into the station. In addition, there is some confusion as to whether a show-up confrontation was actually used in this case. On direct testimony, victim Paredas testified that he picked the defendant out from several people. Upon cross-examination, however, he indicated that he viewed the defendant alone in a room in a stationhouse. Consequently, a pretrial hearing should be held to resolve these issues. Defendant further contends that his sentence as a second felony offender was based on a 1954 felony conviction in West Virginia, which was constitutionally void because of defendant's lack of effective assistance of counsel. This contention lacks merit. At a lengthy prior offense information hearing, the court found on the basis of the testimony of the West Virginia District Attorney, and the court records before it, that the defendant was represented by counsel at the time he entered his plea. Consequently, defendant's contention that he was denied effective counsel during a prior conviction, necessitating his resentence as a first felony offender, is untenable (see *People* v. *Camacho,* 16 N Y 2d 1064). We have examined all the other contentions raised by defendant and find them to be without merit. Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur; Christ, P. J., dissents and votes to affirm the judgment with the following memorandum: In the context in which the court's instruction to the jury on alibi defenses, quoted in the majority opinion, was given, it was clear that the People had the burden of proving defendant guilty beyond a reasonable doubt. That it was so understood by all concerned is evident from the fact that although his counsel diligently noted exceptions to various aspects of the charge, he did not find the portion in question objectionable. Accordingly, it is my opinion that defendant was not prejudiced thereby. Nor do I think that the victim's testimony on cross-examination, respecting the viewing at the police station, is inconsistent with his statement on the

subject on direct examination. In both instances, his testimony was to the effect that the defendant was in the room with others but that he, the victim, was alone. Consequently, a pretrial hearing on the subject is not warranted.