■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICKEY HENDERSON, Respondent.—Appeal by the People, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County, dated March 24, 1975, as, after a hearing, suppressed defendant's confession, and (2) so much of a further order of the same court, dated April 18, 1975, as, upon reargument, adhered to the aforesaid determination. Appeal from the order dated March 24, 1975 dismissed. That order was superseded by the order dated April 18, 1975. Order dated April 18, 1975 affirmed insofar as appealed from. No opinion. Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 26, 1975, convicting him of murder and attempted murder, upon a jury verdict, and imposing sentence. Judgment affirmed. We have reviewed the record on this appeal and the contentions raised by defendant, and hold that there is no basis for directing a new trial and that defendant's guilt was established beyond a reasonable doubt. Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 29, 1973, convicting him of arson in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court, in instructing the jury as to the defense of alibi, stated, "if, after carefully analyzing the evidence on behalf of the defendant, you come to the conclusion that it is false and that it has been interposed here intentionally as a false defense, such a finding by you may be considered as circumstances bearing on the guilt of the defendant if, in your judgment, it may fairly be inferred that he has thereby betrayed a certain consciousness of his own guilt." This statement, in essence, instructed the jury that it could draw an inference of guilt if it disbelieved the testimony of the alibi witnesses; it was prejudicial to the defendant and constituted reversible error (see *People v Leasure,* 34 AD2d 688; *People v Cright,* 47 AD2d 906). In addition, the trial court erred in its examination of one of the witnesses concerning prior criminal charges against him. Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.