■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MELVILLE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 19, 1975, convicting him of manslaughter in the second degree, upon his plea of guilty, and sentencing him to an indeterminate prison term with a maximum of 15 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the maximum period of imprisonment to 12 years. As so modified, judgment affirmed. Upon the argument of this appeal, defendant stated that the only issue to be determined was whether the indeterminate sentence of 15 years should be reduced to 12 years. It should be. On October 22, 1974 defendant pleaded guilty to a single count of manslaughter in the *first* degree with a promise by the court that it would impose a maximum sentence of 12 years. On December 17, 1974, and over the objection of defense counsel, the court vacated the plea and referred the case to Part 1 to be assigned to another Judge for trial. Before the latter Judge, a plea to manslaughter in the *second* degree was accepted and, without an updated presentence report, defendant was sentenced to an indeterminate term with a maximum of 15 years. In our opinion defendant, upon taking a plea to a lesser crime, should not have not been given a heavier sentence than he was to receive upon his plea to the greater offense. We have therefore reduced the sentence accordingly. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GILBERT MILLER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered October 24, 1975, which granted defendant's motion to inspect the Grand Jury minutes and for dismissal of the indictment. Order affirmed. The evidence before the Grand Jury, consisting solely of circumstantial evidence, was legally insufficient. Such evidence must logically point to the defendant's guilt and must exclude to a moral certainty every reasonable hypothesis of innocence (see *People v Eckert,* 2 NY2d 126; *People v Borrero,* 26 NY2d 430). Under the circumstances, the circumstantial evidence upon which the indictment was based "does not possess the degree of certitude which the law requires as to these facts bearing upon the accused's guilt" (see *People v Eckert, supra,* p 129; see, also, *People v Lewis,* 275 NY 33). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS X. PEREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 22, 1974, convicting him of attempted rape in the first degree, assault in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. A charge identical to the one in this case—that disbelief of an alibi witness may be considered as bearing on the guilt of defendant—was held to be reversible error by this court because the charge, "in essence, instructed the jury that it could draw an inference of guilt if it disbelieved the testimony of the alibi witnesses" *(People v Lee,* 51 AD2d 557; see, also, *People v Leasure,* 34 AD2d 688; *People v Cright,* 47 AD2d 906). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.