Alexander Vitale, J.
The defendant has moved pursuant to CPL 210.35 (subd 5) and 210.20 (subd 1, par [b]), to dismiss the indictment on the grounds that the Grand Jury proceedings were defective and that there was insufficient evidence before the Grand Jury to warrant the indictment. The defendant’s principal claim is that when he testified before the Grand Jury he was improperly cross-examined concerning prior arrests and convictions. The defendant also contends that the District Attorney’s instructions to the Grand Jury were inadequate.
An inspection of the Grand Jury minutes (CPL 210.30, subd 3) reveals that the defendant was charged with driving while intoxicated as a felony. He waived immunity and testified before the Grand Jury. Prior to testifying the District Attorney was given written requests by defendant’s counsel that he not cross-examine the defendant regarding prior arrests and convictions for driving while intoxicated.
The thrust of the defendant’s testimony before the Grand Jury was that his intoxication was not voluntary and had resulted from someone spiking soft drinks at a business meeting.
On cross-examination the Assistant District Attorney questioned the defendant as to details about two prior arrests for driving while intoxicated. The defendant testified that he was convicted of the offense on one of the occasions, but that the other matter was dismissed.
The Assistant District Attorney presenting the case in *650 structed the Grand Jury that they should disregard the incident where the charges against the defendant were dismissed.
The defendant in reliance on People v Sandoval (34 NY2d 371) contends that the cross-examination of the defendant concerning his prior criminal record was prejudicial to such a degree that the Grand Jury’s integrity was impaired. (People v Percy, 45 AD2d 284, 286, affd 38 NY2d 806; CPL 210.35, subd 5.)
In People v Sandoval (supra) and People v Duffy (36 NY2d 258), the Court of Appeals held that a defendant is entitled to a determination as to the permissible scope of cross-examinatian in relation to his criminal record. Where a court finds that the risk of prejudice to the defendant outweighs the probative value of the evidence of such acts on the issue of credibility it may preclude the introduction of such evidence.
The precepts of Sandoval and Duffy have, in at least two cases, been found to apply to proceedings before the Grand Jury. (People v Adams, 81 Misc 2d 528, 529; People v Hargrove, 80 Misc 2d 317, 328.)
In the present case, however, evidence of a prior conviction was not introduced solely on the issue of credibility. The defendant is charged with driving while intoxicated as a felony. In order to establish that a felony has been committed the People must prove that the defendant had previously been convicted of such an offense. (Vehicle and Traffic Law, § 1192, subd 4.)
CPL 200.60 (subd 1) provides that in such a situation evidence of a prior conviction may not be presented to a trial jury. Subdivision 4 of that section, however, provides that: "Nothing contained in this section precludes the people from proving a prior conviction before a grand jury or relieves them from the obligation or necessity of so doing in order to submit a legally sufficient case.”
Although this subdivision has never been judicially interpreted the court believes that if this subdivision is to have any meaning whatever, it would permit the People to introduce evidence of a prior conviction for driving while intoxicated, even if such conviction would not be admissible on the issue of credibility. Although this may result in prejudice to a defendant who is testifying before a Grand Jury, the problem would appear to be one which the Legislature, rather than the courts, should address itself to.
*651 The court must also consider that the People questioned the defendant concerning a charge which was ultimately dismissed. Given the fact that a curative instruction was given by the Assistant District Attorney presenting the case (see People v Hargrove, supra, p 328), and the fact that the Grand Jury was aware of a conviction for driving while intoxicated, we cannot say that the defendant was prejudiced to such an extent that the Grand Jury’s integrity was impaired. (People v Percy, supra.)
The court has examined the People’s instructions to the Grand Jury and finds that the Grand Jury was properly charged concerning the defense of voluntary intoxication.
Finally, the court finds that there was sufficient evidence to make out a prima facie case that crimes were committed by the defendant. While the defendant’s testimony before the Grand Jury differed substantially from that of the witnesses for the People, the Grand Jury chose to believe the witnesses’ testimony. The Grand Jury is the sole arbiter of credibility of witnesses and weight to be given to evidence. (People v Haney, 30 NY2d 328, 336, n 10; People v Eckert, 2 NY2d 126, 129; People v Vaccarella, 257 App Div 461; People v Bob, 233 App Div 94.)
Accordingly, the defendant’s motion to dismiss the indictment is denied.