■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 17, 1974, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Instructions such as that given by the trial court to the jury, to the effect that disbelief of an alibi witness may be considered as bearing on the guilt of the defendant, have, on a number of occasions, been held by this court to be reversible error, since such a charge " 'in essence, instructed the jury that it could draw an inference of guilt if it disbelieved the testimony of the alibi witnesses' " *(People v Perez,* 54 AD2d 742; *People v Lee,* 51 AD2d 557). We note also that the prosecutor's questions concerning the defendant's postarrest silence was serious error (see *People v Jones,* 47 AD2d 761; *People v Felcone,* 43 AD2d 976). There is never any justification for a prosecutor to query a police

officer as to defendant's silence, and then to compound the error by following it up with the comment that the defendant did not even deny his guilt. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.