■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY SOWELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 7, 1976, convicting him of burglary in the second degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Due to the various errors committed at trial, it is necessary to reverse and order a new trial. First, one challenged portion of the charge is essentially identical to a charge held to be reversible error because the charge " 'in essence, instructed the jury that it could draw an inference of guilt if it disbelieved the testimony of the alibi witnesses' " (see *People v Perez,* 54 AD2d 742; *People v Lee,* 57 AD2d 905; *People v Lee,* 51 AD2d 557). Second, the Assistant District Attorney made an attempt to impeach an alibi witness by demonstrating that the witness failed to inform law enforcement officials of the alibi testimony. Since no curative instructions were given by the court, explaining (1) that an alibi witness has no obligation to come forward or contact the police or the District Attorney, and (2) that the jury is to

consider such testimony and give it such weight, it deems appropriate, if any, on the issue of credibility, this was reversible error (see *People v Clark,* 64 AD2d 669). Lastly, the trial court erroneously instructed the jury to carefully scrutinize the alibi testimony, without similarly charging with respect to the identification testimony (see *People v Fludd,* 68 AD2d 409). We have considered the other issues raised by defendant and find them to be without merit. Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.