■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. VITO D'ANGELO, Respondent.— Order and judgment (one paper) entered February 1, 1968, dismissing indictments affirmed. The evidence before the Grand Jury was insufficient to warrant the indictments against the defendant. The People concede that defendant was not identified as the perpetrator of the crime by the witnesses present at the scene. The facts which the People contend connect defendant with the crime and from which they would draw the inference of his guilt, were not established by direct proof. While it may be that they point to the defendant's guilt, they are not inconsistent with his innocence. Suspicion and conjecture may not overcome the presumption of innocence with which the defendant is cloaked. The totality of the evidence presented to the Grand Jury did not reach the point where its cumulative effect equaled prima facie proof that the crimes charged had been committed by the defendant. (Code Crim. Pro., § 251; *People* v. *Cleague,* 22 N Y 2d 363; *People* v. *Jackson,* 18 N Y 2d 516; *People* v. *Peetz,* 7 N Y 2d 147; *People* v. *Weiss,* 290 N. Y. 160; *People* v. *Woltering,* 275 N. Y. 51.) Concur — Stevens, P. J., McGivern, Markewich and Tilzer, JJ.; McNally, J., dissents in the following memorandum: The People appeal from the dismissal of indictments, charging two counts of murder and a third count of possession of a dangerous weapon as a misdemeanor, on the ground of lack of evidence before the Grand Jury " as to the identification of the defendant sufficient to link him with the crime charged ". In my opinion, the order should be reversed and the indictments reinstated. On September 5, 1967, at or about 3:15 A.M., one person was killed and two persons wounded by bullets fired from a .22 calibre semi-automatic rifle at the Blue Bird Bar in Bronx County. Within 30 to 45 minutes prior thereto, at the Blue Bird Bar, defendant had become involved in an altercation with a female patron and her escort in the course of which he hurled and smashed a glass. Immediately thereafter, the defendant was led by the deceased and two other men from the premises to the street, where a tussle ensued during which defendant's shirt was forcibly removed. Deceased and his two companions returned to the Blue Bird Bar without the defendant. At or about 3:15 A.M., a male person, of the same physical appearance as the defendant, attired in an undershirt, armed with a rifle, shouting derogatory obscenities, barged into the dimly lit premises and began spraying bullets in rapid succession, causing the death and injuries aforesaid. The murder weapon was of the make, calibre and description as that purchased by the defendant shortly before the occurrence. Defendant's

outer shirt and the murder weapon were found in the vicinity of the premises. Robbery or larceny was not the motivating cause. The relevant circumstances, established by direct evidence, are that the defendant was in an altercation immediately prior to the homicide which resulted in his forcible ejection from the premises by the deceased and others, and that a person resembling defendant, evidencing a grievance against one or more of its occupants, soon thereafter entered the premises, armed with the murder weapon and shot and killed one and injured two other persons. The defendant had within a few weeks prior thereto purchased the same type of rifle. In sum, the evidence is inconsistent with defendant's innocence, and excludes to a moral certainty every other hypothesis, except his guilt. (*People* v. *Eckert*, 2 N Y 2d 126, 129.) The possibility that another may have committed the crimes is not an issue. (*People* v. *Eckert, supra.*) The various contentions of the defendant are without factual content and have no basis in the proceedings before the Grand Jury. Any defense is for and should be presented and resolved at a trial. (*People* v. *Donohue,* 309 N. Y. 6.) Moreover, the allegations as to the lineup proceedings, not before the Grand Jury, are irrelevant on the sufficiency of the indictment predicated on evidence submitted to the Grand Jury. " The Grand Jury ought to find an indictment, when all the evidence before them. taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury." (Code Crim. Pro., § 251.)