Irving B, Kendall, J.
The defendant contends that he was taken to Mount Vernon Police Headquarters after he had been involved in an accident and was told to breathe into a machine; that he blew into it pursuant to the direction of a police officer; that after he blew into it the police officer told him that the reading slowed he had not consumed any alcohol and directed him to Mow into it again; that he blew into the machine again which resulted in a chemical analysis of .22% of alcohol by weight in Ms blood in violation of subdivision 2 of section 1192 of the VeMcle and Traffic Law.
The defendant further contends that he was told to blow into the breathalizer machine immediately after it was turned on and that no period of time was allowed for the machine to warm up and that after he blew into the machine the first time, the machine was not cleared properly for him to blow into it a second time.
On the basis of the foregoing allegations the defendant has moved to suppress the results of the breathalizer test or in the *913 alternative for a hearing to determine whether such test was properly administered and if not, to suppress the evidence of his intoxication.
CPL 710.20 provides five grounds for a motion to suppress. While it appears that the defendant is or may be aggrieved by what he claims was an unlawful or improper acquisition of evidence and has reasonable cause to believe that such (the results of the breathalizer test) may be offered against him in this criminal action, an allegation that a test was improperly given is not one of the grounds for a motion to suppress set forth in CPL 710.20.
• Defendant may properly contest the manner in which the test was administered upon the trial of this action.
Accordingly, defendant’s motion is denied in its entirety.