OPINION OF THE COURT
Ruth E. Moskowitz, J.
The defendants move to inspect the minutes of the Grand Jury proceedings and also move to dismiss the indictment on the grounds that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendants of the offenses charged (CPL 210.30).
Each defendant has been charged with one count of ECL 71-2717, unlawful dealing in hazardous wastes in the first degree, a felony; and one count of ECL 71-2715, unlawful dealing in hazardous wastes in the second degree, a misdemeanor. The gravamen of the prosecution is that the defendants operate a drum recycling business in Kings County. Drums containing residues of various chemicals and other materials were cleaned out by means of a caustic soda material mixed with water. They then repainted the drums for resale and reuse.
*162 The People contend that “while much of the waste from this process passes through an ‘oil separator’, remains in liquid form and washes down the drain, there is a residual non-recyclable ‘sludge material’ which must therefore be disposed of by other means.”
The People further contend that the “sludge material” cannot be recycled, is a hazardous waste, and may only be disposed of by a licensed hauler. It is also the contention of the People that the defendants deposited drums containing this hazardous waste in a dumpster belonging to Red Ball Sanitation Service Corp. (Red Ball) immediately outside the building but on the premises of J. R. Cooperage; that Red Ball was a commercial hauler of ordinary garbage, not authorized to haul away hazardous waste; and that Red Ball regularly disposed of the waste disposed by J. R. Cooperage.
RELIEF SOUGHT
A. The defendants have moved pursuant to CPL 210.30 (2) for an inspection of the minutes of the Grand Jury. That motion is granted and the court has read the minutes in camera.
B. The defendants next move to dismiss both counts of the indictment upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendants of the offenses charged or any lesser included offense contending that: “the scientific evidence is transparently unreliable, there is no evidence of attempted disposal, there is no evidence of the presence of‘waste’, and there is no evidence of intent.”
C. Counsel for the defense further moves to dismiss the indictment against Gustave Rosenberg because “there is no evidence he directed, participated in or had knowledge of the conduct alleged.”
D. The defendants seek an order “dismissing the indictment upon the ground that the regulations under which the State is proceeding are constitutionally defective”.
E. The defendants seek an order “suppressing and vacating reports of chemical tests purportedly taken on defendants’ premises, or, in the alternative, granting a pretrial hearing to determine the admissibility of said tests” and further
F. The defendants seek an order “directing the Attorney General to file and serve a Bill of Particulars.”
*163 CONCLUSIONS OF LAW
A. The Motion to Inspect
As previously stated the court has examined the complete stenographic transcript of the Grand Jury proceedings in camera, as well as the accompanying exhibits. The court does not find release of the Grand Jury minutes to the defense necessary to assist the court in deciding this motion.
B. Sufficiency of the Indictment

Standard of Proof

The defendants next move to dismiss the two counts of the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to establish that the defendants committed the offenses charged or any lesser included offenses. In determining this motion, the court must only consider the evidence adduced before the Grand Jury (People v Alaxanian, 89 AD2d 700 [3d Dept 1982]); consider it in the light most favorable to the People (People v Warner-Lambert Co., 51 NY2d 295 [1980], cert denied 450 US 1031 [1980]); and determine if that evidence would establish every element of the offense charged and the defendants’ commission thereof (CPL 70.10 [1]; People v Schwartz, 90 AD2d 800 [2d Dept 1982]). The question for the court having read the Grand Jury minutes is whether or not there was legally sufficient, competent evidence to sustain each element of the crimes established by ECL 71-2717 and 71-2715. With reference to Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt (People v Mayo, 36 NY2d 1002, 1004).

Statutory and Regulatory Construction

The first count of the indictment charges that on or about December 13, 1983, defendants: “did offer, agree to confer, and confer upon another, to wit, Red Ball Sanitation Service Corporation, a benefit, to wit, payment of a sum of money, for the possession and disposal of hazardous waste, intending that the person who is to perform such possession and disposal did not have authorization” (see, EÚL 71-2717).
The second count of the indictment charges the defendants with having committed the crime of unlawful dealing in hazardous wastes in the second degree in violation of ECL 71-2715 (1), in that on or about December 13, 1983, defendants did: “with intent that another person, to wit, Red Ball Sanitation Service Corp., possess and dispose of hazardous waste without authorization, did solicit, request, command, importune and otherwise attempt to cause such other person to engage in such conduct.”
*164 The term “hazardous wastes” is defined in ECL 71-2702 (1) (a) as: “Those wastes identified or listed in regulations promulgated pursuant to section 27-0903 of this chapter and all amendments thereto”.
These regulations are set forth in 6 NYCRR part 366. Hazardous waste is defined in 6 NYCRR 366.1 (d) (1) as follows:
“A solid waste, as defined in subdivision (c) of this section, is a hazardous waste if:
“(i) it is not excluded from regulation as a hazardous waste under paragraph (g) (2) of this section; and “(ii) it meets any of the following criteria:
“(a) it is listed in section 366.4 of this Part and has not been excluded from the lists in section 366.4 under section 366.6 of this Part;
“(6) it is a mixture of a solid waste and one or more hazardous wastes listed under section 366.4 of this Part and has not been excluded from this paragraph under section 366.6 of this Part; or “(c) it exhibits any of the characteristics of hazardous waste identified in section 366.3 of this Part.”
The People have proceeded under the last subclause, 366.1 (d) (1) (ii) (c), i.e., a solid waste exhibiting any of the characteristics of having hazardous waste. The characteristics of having hazardous waste set forth in 6 NYCRR 366.3 are (1) ignitability, (2) corrosivity, (3) reactivity or (4) toxicity.
The defendant challenges the constitutionality of 6 NYCRR 366.3 (c) (1) (i) and 6 NYCRR 366.3 (e) on the grounds that they impermissibly incorporate Federal regulations by reference, i.e., that 6 NYCRR 366.3 (c) (1) (i) (characteristic of corrosivity) incorporates a Federal test methods publication by reference; and 6 NYCRR 366.3 (e) (EP toxicity) incorporates a table describing maximum concentrations of contaminants for characteristics of EP toxicity. It is the defense’s contention that this testing protocol (for corrosivity) and the table (EP toxicity) were incorporated into the regulations in derogation of the NY Constitution, article III, § 16 and article IV, § 8. The defendants claim that the aforementioned regulations were not promulgated in a manner consistent with the State Administrative Procedure Act in that the proposed rules were not filed with the Secretary of State in the manner prescribed by law within 180 days after the publication of the notice of the proposed rule making or within 180 days after the date of the last public hearing (ECL 27-0903 [1]; State Administrative Procedure Act § 202 [1] [e]; [2] [d]; § 203).
*165 It is only in recent years that the Legislature has sought to control the disposition of certain substances that it deems to be hazardous. ECL 71-2703 provides for a broad range of administrative, civil and criminal sanctions for violations of the statutes concerning the “Collection, Treatment and Disposal of Refuse and Other Solid Waste” (ECL art 27). Few courts have had an opportunity to address these recently enacted statutes as well as the regulations promulgated in enactment of them. (See, e.g., People v Green, Sup Ct, Richmond County, June 25,1984; People v Dommermuth Petroleum Equip. & Maintenance Corp., Rensselaer County Ct, Dec. 13,1982, mot to dismiss appeals granted 93 AD2d 917 [3d Dept 1983]; People v Dommermuth, Albany County Ct, Dec. 23, 1982, mot to dismiss appeals granted 93 AD2d 917 [3d Dept 1983]; People v Italia, Erie County Ct, Apr. 26,1983; People v Attco Metals Indus., 122 Misc 2d 689 [Attco II]; People v Fine, Sup Ct, Queens County, June 29, 1984; People v Harris Corp., 123 Misc 2d 989 [Clinton County Ct 1984]).
Where the Legislature has prescribed criminal sanctions, adequate constitutional notice must be given as to what the proscribed conduct is. Only one appellate court has addressed the constitutionality of the regulations promulgated pursuant to ECL article 71, title 27 (People v Harris Corp., 104 AD2d 130).
In the absence of any appellate decision in this department addressing the present questions, this court is required by the doctrine of stare decisis to follow the precedents set by the Appellate Division of the Third Department (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]). However, the resolution of the present case does not require this court to reach the issues addressed by the Harris court. The present case may be distinguished from Harris (supra) in that the People have not sought to define a hazardous waste by means of the list impermissibly incorporated into 6 NYCRR 366.4, nor did the People proceed solely upon the characteristic of a hazardous waste defined in 6 NYCRR 366.3 (e) (EP toxicity) which incorporates a table listing certain substances and their maximum concentrations as contaminants. It is the reliance by the People upon the definition of a hazardous waste contained in 6 NYCRR 366.3 (c) (1) (i) “characteristic of corrosivity”, upon which this court determines that this indictment is constitutionally founded. The sole incorporation by reference contained in section 366.3 (c) (1) (i) is that of a testing protocol, i.e., a testing methodology. The court finds this incorporation to be de minimis in that it describes no proscribed conduct or substance and hence does not fail to give notice of the conduct proscribed by ECL 71-2717 and 71-2715.

*166
The Reliability of the Scientific Evidence

This court is an inappropriate forum for the resolution of the question of the admissibility of the scientific evidence, the method of sampling, and the validity of particular analyses. These questions are more properly addressed by the trial court where the defendants will have an adequate opportunity to challenge the reliability of the tests and the validity of the sample results. (People v Tarsia, 50 NY2d 1 [1980]; People v Gower, 42 NY2d 117 [1977]; People v Leone, 25 NY2d 511 [1969].)

Evidence of Attempted Disposal

The defendants contend that “[t]here is no evidence that the material is ‘waste’ or that Defendants Sought to Dispose of it”. The court finds that the Grand Jury was properly instructed as to the definition of “solid waste” and “hazardous waste” (6 NYCRR 366.1 [c] [2]; ECL 71-2702 [1]); and that there was sufficient competent evidence adduced from which the Grand Jury could conclude that the defendants did “offer, agree to confer or confer upon another a benefit for possession or disposal of hazardous wastes” (ECL 71-2717 [3]) and that the placement of the hazardous waste within steel drums; within the Red Ball Sanitation Corp. dumpster; located within the curtilage of the J. R. Cooperage Corp. constituted sufficient conduct to constitute a prima facie violation of ECL 27-2715 (1).
C. The Criminal Liability of the Natural Defendant, Gustave Rosenberg
This court finds that there was sufficient evidence adduced before the Grand Jury of Gustave Rosenberg’s active and knowing participation as a corporate officer so as to make him equally liable with the corporation (United States v Amrep Corp., 560 F2d 539, 545 [2d Cir, 1977], citing, inter alla, United States v Kyle, 257 F2d 559, 562-563 [2d Cir, 1958]). The court disagrees with counsel for the defense in that the standard by which the sufficiency of the Grand Jury presentation is to be judged is not a “moral certainty” nor is it “much higher” when circumstantial evidence is used. The standards enunciated in People v Miller (54 AD2d 742) and People v D’Angelo (34 AD2d 745) to which the defense points stands for the principle that where an indictment rests solely upon circumstantial evidence that evidence must “exclude to a moral certainty every reasonable hypothesis of innocence”. This court finds that there was legally sufficient evidence of Gustave Rosenberg’s participation (People v Warner-Lambert Co., 51 NY2d 295, supra; People v Mayo, 36 NY2d 1002, supra) and that the Grand Jury was properly instructed as to *167 circumstantial evidence, culpable mental states, and individual liability for corporate behavior.
D. The Constitutionality of the Regulations
The constitutionality of the regulations contained in 6 NYCRR part 366 has been previously addressed in section B above.
E. Suppression and Vacation of Reports of Chemical Tests
CPL 710.20 enumerates those categories of evidence that may be suppressed or precluded prior to trial. Neither the reports of the tests nor the samples themselves fall within the purview of CPL 710.20. The challenge to the validity of the testing methodology and the reliability of the results must be made at the time of trial (People v Tyree, 75 Misc 2d 912 [City Ct, Mt. Vernon 1973]).
F. The Bill of Particulars
The parties are referred to the record of the hearing conducted November 16, 1984 at which time the motion for the bill of particulars was decided.
The court finds that the evidence presented is legally sufficient to sustain the indictment. A reading of the District Attorney’s instructions to the Grand Jury pursuant to CPL 190.25 (6) indicates that they were proper.
The motion to dismiss the indictment is hereby denied.