OPINION OF THE COURT
Andrew G. Celli, J.
This is an appeal by the District Attorney of Monroe County from an order of the Brighton Town Court suppressing the results of a breathalyzer test on the ground that the police failed to preserve the sample of the defendant’s breath taken as a part of the breathalyzer test. The People assert two grounds for error: 1. That preservation is not required under the holding of California v Trombetta (467 US 479); and 2. The Brighton Town Court lacked jurisdiction.
The facts are simply stated. On November 18, 1982, the defendant was arrested and charged with a violation of New York State Vehicle and Traffic Law § 1192. As a part of his arrest, he submitted to a breathalyzer test by the New York State Police on a Smith and Wesson Model 900 Breathalyzer. The test showed that the alcohol content of Mr. Shepherd’s blood was .18% by weight.
Thereafter, the defendant requested production of a sample *285 of his breath taken at the time of his arrest. The People replied that the sample no longer existed and that no attempt had been made to save the breath sample. Accordingly, the defendant moved to suppress asserting that his due process right required preservation of the sample.
At the request of the defendant and with the consent of the People a hearing was held on March 10, 1983. The hearing was held in conjunction with a case in the Rochester City Court concerning the same issue. Both the Brighton Town Justice and the Rochester City Court Judge sat in common session in the Hall of Justice within the City of Rochester to consider the factual evidence concerning preservation. In the case below, the court found that it is both practical and cost effective for the police to save a sample of a defendant’s breath for future scientifically reliable independent analysis and are therefore required to do so. The court held that both the Federal and State constitutional due process clauses required preservation.
Insofar as the Brighton court’s determination was based upon the United States constitutional requirement of due process, such a holding is inconsistent with California v Trombetta (supra) and People v McDonald (112 AD2d 722 [4th Dept.]). However, neither the Supreme Court of the United States nor the Appellate Division reviewed the cases before them with respect to the application of the State due process requirement. This court holds that NY Constitution, article I, § 6 requires police to preserve a breath sample taken from a suspected drunk driver for later independent analysis. This court accepts the finding of the Brighton Town Court that the preservation of such samples is both practical and cost effective. Further, such independent testing enhances the ultimate object of a trial, to wit: to search for the truth.
State courts are free to more strictly construe State constitutional requirements which may appear identical with Federal constitutional requirements. (See, People v Belton, 55 NY2d 49 [1982]; People v Rogers, 48 NY2d 167 [1979].)
Our due process clause has traditionally been equated with the notion of fundamental fairness. When dealing with items of tangible physical property both statute and case law require the government to permit the defendant to independently test such property. (CPL 240.20; People v White, 40 NY2d 797 [1976]; People v Natoli, 112 Misc 2d 1069 [1982].) To compel a defendant whose breath was analyzed while in police *286 custody, by a machine over which he had no control, to face such evidence without the ability to independently analyze the accuracy of the test results, violates this court’s notion of fundamental fairness.
This court is mindful that the Court of Appeals has ruled that the breathalyzer machine is a scientifically valid and reliable instrument. (People v Gower, 42 NY2d 117 [1977].) However, this court is equally mindful that research since the Gower decision has indicated that the breathalyzer model 900A is susceptible to error because of such extraneous conditions as radio frequency interference. The Supreme Court of the United States noted this concern in California v Trombetta (supra) and acknowledged that California’s testing methods provide for a safeguard by requiring two samples and, in effect, two tests of a suspect’s breath. Since New York has no such statutory or administrative requirement, a suspect is effectively powerless to conduct a cross-check of his own breath.
This court, therefore, affirms the ruling of the Brighton Town Court.
The People also assert that the Brighton Town Court was in error in sitting outside its geographical boundaries in the Hall of Justice within the City of Rochester. The offense for which the defendant was arrested admittedly occurred within the Town of Brighton, New York. The defect was waived, however, as a matter of convenience to the parties and of judicial economy when they agreed to this procedure. The People cannot now be heard to complain. This court, therefore, sees no jurisdictional defect in the proceedings.