OPINION OF THE COURT
Ronald J. Buttarazzi, J.
Defendant, Walter A. Hicks, Jr., was issued a simplified traffic information in Perinton, New York, on September 1, 1986 for driving with ".10% or more of alcohol in the blood” *595 in violation of Vehicle and Traffic Law § 1192 (2). The supporting deposition stated: "A breathalyzer test showed a .21% Blood Alcohol Content”. Defendant’s investigation revealed that the test of the simulator solution was performed on April 28,1986 and the certification was dated May 21,1986.
As part of an omnibus motion, defendant has moved to suppress the result of the breathalyzer test upon the ground that 23 days elapsed from the date of the test of the simulator solution to the date of certification. Defendant relies upon People v Garneau (120 AD2d 112, 115 [4th Dept 1986]), in which the court ruled that exhibits required as part of the foundation in introducing the breathalyzer test were not properly received in evidence when "the date of the certificate and the date of performance of the test varies from 11 days * * * to seven months”.
Some New York courts have suppressed evidence of breathalyzer tests prior to trial presumably upon the constitutional ground that circumstances involving the test violated "due process” principles. (See, People v Shepherd, 118 Misc 2d 365 [1983], affd 130 Misc 2d 284 [1985]; People v Richter, 102 Misc 2d 285 [1979]; People v Rich, 118 Misc 2d 1057 [1983].) In People v Todd (79 Misc 2d 630, 632 [1974]), the County Court held that a motion to suppress the breathalyzer test result at the time of trial was not "timely made” and further stated: "Therefore this court holds such motion * * * should have been made before the Justice of the Peace prior to the trial date. However, when the trial court elected to entertain this motion during the course of trial, it did so in the presence of the jury and this was error.” The issue involved was the failure to calibrate the breathalyzer within six months of the test. The Court of Appeals in reversing the County Court on other grounds did not discuss the issue of the timeliness of the suppression motion. (See, People v Todd, 38 NY2d 755 [1975].)
CPL 710.20 provides six statutory grounds for the suppression of evidence. An allegation that a document which might be offered in evidence was not certified contemporaneously or within a reasonable time of the particular test is not one of the six statutory grounds for a motion to suppress evidence before trial. (See, People v Tyree, 75 Misc 2d 912 [Mt. Vernon City Ct 1973].) Although the specified grounds for suppression of evidence under CPL 710.20 may be too restrictive, it remains the province of the Legislature to provide the corrective remedy. Judicial authority not constrained within the ambit of stare decisis, statute or Constitution becomes an exercise of *596 arbitrary power. Therefore, the issue of the admissibility of documentary exhibits and the breathalyzer test result should ordinarily be raised at the time of trial upon proper objection and decided by the court outside of the presence of the jury.
The Gameau ruling (supra) renders the prompt disclosure of documents relating to the testing and calibration of the breathalyzer instrument used to test defendant’s blood alcohol level critical. "The People’s failure to turn over these documents when requested cannot be said to be harmless error.” (See, People v Corley, 124 AD2d 390, 391 [3d Dept 1986].) In a proper case, and after full discovery, perhaps a defendant may avail himself of CPL 170.30 which provides: "the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that * * * (f) There exists some * * * legal impediment to conviction of the defendant for the oifense charged”. (Emphasis added.) In such a case, the pretrial challenge to the validity of the breathalyzer test result and its foundational requirements must be such as to constitute a "legal impediment to conviction”.
The motion to suppress is denied without prejudice to the defendant to renew his objection at the time of trial.