■   THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH
STEVENSON, Respondent.—Appeal by the People from (1) an order of the
Supreme Court, Suffolk County, dated March 30, 1978, which granted the
defendant's motion, pursuant to CPL 210.30, to dismiss the indictment on
the ground that the Grand Jury evidence was insufficient; and (2) a second
order of the same court, dated April 27, 1978, which denied the People's
motion to "vacate" the March 30, 1978 order and reinstate the indictment
(in effect, a motion to reargue). Appeal from the order dated April 27, 1978
dismissed. No appeal lies from an order denying a motion to reargue. Order
dated March 30, 1978 reversed, on the law, and indictment reinstated. We
hold that Criminal Term erred in concluding that "There is no showing in
the evidence presented that there was a firm limitation at $1,295 thereby
categorizing excess payments as larcenous". Review of the Grand Jury
testimony of Robert Schmidt indicates unequivocally that any "agreement"
the defendant had for vacation compensation was limited solely to $1,295.

Furthermore, Criminal Term's reliance on the unsworn letter of Ralph Hayden dated December 12, 1977, to the effect that the defendant was owed $6,174 as the cash equivalent of some 14 weeks' additional vacation, was erroneous. It is undisputed that Hayden was not speaking from personal knowledge. On the contrary, it was the *defendant* who provided Hayden with the information contained in the letter. Under these circumstances, the letter was totally self-serving and lacked all but the most minimal probative value. In any event, the letter was not before the Grand Jury which returned the indictment. Accordingly, the evidence presented to the Grand Jury will sustain a conviction if unexplained or uncontroverted (see *People v Haney,* 30 NY2d 328, 335; *People v Donahue,* 309 NY 6, 7; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573). We note that dismissal of the indictment was based solely on the testimony before the Grand Jury and not in the interest of justice (see *People v Clayton,* 41 AD2d 204; *People v Belge,* 41 NY2d 60, 62). Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.