■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS J. ALAXANIAN, JR., Respondent. — Appeal from an order of the County Court of Rensselaer County (Dwyer, J.), entered June 11, 1981, which granted defendant's motion to dismiss the indictment. The question presented is whether the evidence before the Rensselaer County Grand Jury was sufficient to support an indictment charging defendant with the crime of murder in the second degree in the shooting death of one Donald Hansen. After an initial indictment was dismissed upon the prosecution's motion, defendant was reindicted on March 18, 1980. Upon review of the Grand Jury evidence, this indictment was dismissed by County Court order dated June 8, 1981, for lack of sufficient evidence (CPL 190.65, subd 1; 210.20, subd 1, par [b]). On a motion to dismiss an indictment for insufficient evidence, the standard of review is whether there has been a clear showing that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant a conviction after trial (*People v Shanklin,* 59 AD2d 588; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573). Essentially, only a prima facie case must be presented (*People v Mayo,* 36 NY2d 1002). In our view, although the evidence was in large measure circumstantial, it was certainly sufficient to withstand defendant's challenge for insufficiency. Viewed in a light most favorable to the People (*People v Shanklin, supra*), the evidence establishes that defendant displayed a handgun in a Cohoes bar on the morning of the crime. Shortly thereafter, defendant and the victim left the bar together. Approximately 20 minutes later, Troy police officers found the victim slumped in the driver's seat of his car, dead as the result of five gunshot wounds to his head from a .38 caliber weapon. Defendant, admittedly present at the scene, gave conflicting accounts to the police as to the route traveled by him and the victim to arrive at the murder site. He explained that Hansen dropped him off, and moments after he heard voices and then gunshots. Returning to the street, he observed a dark car leaving the scene and found Hansen dead in his car in a nearby yard. When defendant was arrested the next day, human blood of unknown origin and type was found on his jacket, and a search of his bedroom revealed five expended .38 caliber shell casings in the pocket of a pair of blue jeans. Finally, one Karen Roy testified that she observed defendant and Hansen arguing, and then saw them enter the latter's car and drive off. When the vehicle returned, she heard five gunshots and saw the car swerve off the road. She ran over to the car where she observed Hansen slumped over the wheel and defendant exiting the vehicle with a gun in his hand. In dismissing the indictment, the trial court, among other things, characterized Roy's testimony as improbable at best, and questioned the competency of the State's pathologist. While a review of the record confirms that serious credibility questions were raised, those issues were within the province of the Grand Jury, not the court (*People v Eckert,* 2

NY2d 126, 129; *People v Sacco,* 64 AD2d 324, 328-329). Moreover, many of the conclusions reached by the court were based, at least in part, on evidence *not* before the Grand Jury. For example, the court reviewed the Grand Jury testimony leading to the first indictment and Roy's hospital records, neither of which were before this panel. In our view, the court erred in considering this extraneous evidence (*People v Stevenson,* 65 AD2d 608). As noted above, only that evidence *before the Grand Jury* may be considered. In essence, the court improperly usurped the role of the Grand Jury in assessing witness credibility and the weight to be afforded the circumstantial evidence (*People v Haney,* 30 NY2d 328, 336, n 10; *People v Eckert,* 2 NY2d 126, *supra; People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573, *supra*). An examination of all the evidence before the Grand Jury discloses a sufficient basis to make out a prima facie case against defendant for murder in the second degree. The indictment should be reinstated. Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.