■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICIA DELA-METER, Respondent. — Appeal from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered April 8, 1982, which granted defendant's motion to dismiss the indictment. Defendant was indicted by a Rensselaer County Grand Jury for the crime of arson in the fourth degree. The indictment charged defendant with recklessly damaging a room and its contents in the Samaritan Hospital in Troy, on or about April 14, 1981, by intentionally starting a fire by igniting a mattress with matches. Defendant's motion for a dismissal of the indictment on the grounds that it was based upon legally insufficient evidence was granted. The court held that there was insufficient evidence before the Grand Jury to corroborate the statements made by defendant and, also, to establish the requisite *mens rea*. The Grand Jury testimony revealed that a fire started in defendant's room at the Samaritan Hospital's mental health unit. Defendant emerged from the smoldering room gagging. The mattress, rugs and ceiling sustained fire damage. An inspection of the room disclosed burned wooden matches on the floor. Defendant told witnesses that she deliberately started the fire out of resentment that certain restraining devices had been used on her previously. The People urge that the County Court erred in dismissing the indictment for insufficient corroboration. We concur. The proof before the Grand Jury was legally sufficient to sustain the indictment. Defendant was the sole occupant of the room where the fire occurred. This, coupled with evidence of fire damage, the finding of wooden matches on the floor and defendant's admission to the staff, constituted sufficient evidence to sustain the indictment (*People v Alaxanian,* 89 AD2d 700). The Court of Appeals has held that "[i]n the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt" (*People v Mayo,* 36 NY2d 1002, 1004). In dismissing the indictment, the court held, also, that there was legally insufficient evidence to establish the mental culpability of defendant. The prosecution must present a prima facie case to the Grand Jury which encompasses the requisite culpable mental state. We conclude on this record that the People met their burden. Every person is presumed to be sane (see *People v Silver,* 33 NY2d 475). In the absence of rebuttal evidence, the presumption of sanity suffices to make out a prima facie case (see *People v Jandelli,* 116 Misc 2d 384, 388; Richardson, Evidence [10th ed], § 63, p 42). The only evidence before the Grand Jury which bore on defendant's mental state is her presence in a mental health unit. This is not sufficient to rebut the presumption of sanity and the People were justified in relying on the presumption of sanity to establish the prima facie case before the Grand Jury. Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.