■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUANN COLE, Respondent. — Appeal from an order of the County Court of Columbia County (Zittell, J.), entered December 15, 1982, which, *inter alia,* granted defendant's motion to suppress and granted defendant's motion to dismiss count No. 2 of the indictment. Defendant was charged in a four-count indictment with (1) criminally negligent homicide; (2) and (3) operating a motor vehicle while under the influence of alcohol, in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law, respectively; and (4) failure to keep to the right, following her involvement in a two-car accident at Germantown, Columbia County, on February 28, 1982. Upon motion by defendant, and after an *in camera* inspection of the minutes of the Grand Jury, the court dismissed the second count of the indictment, determining that defendant was incapable of giving an informed consent at the time of request for a blood sample, and suppressed the use of the result of the test by the People. Pursuant to CPL 450.20, the People appeal, certifying that the remaining proof would be insufficient to obtain a conviction (CPL 450.50). The order of suppression was improperly issued. Where, as here, defendant's allegations are controverted, there must be a hearing held before any evidence can be suppressed. The provisions of the statute requiring such a hearing are mandatory (CPL 710.60, subd 4; *People v Weaver,* 49 NY2d 1012). We would also note that County Court apparently weighed the conflicting evidence before the Grand Jury. This was improper. It is not the function of the court to weigh the evidence presented to the Grand Jury, for it is the Grand Jury that is the arbiter of the credibility and weight to be given to the evidence (*People v Eckert,* 2 NY2d 126, 129; *People v Warner-Lambert Co.,* 69 AD2d 265, revd on other grounds 51 NY2d 295, cert den 450 US 1031). All that is required is that the People present a prima facie case to the Grand Jury containing legally sufficient evidence to establish the commission of the crime by defendant. It is in the judgment of the Grand Jury to determine if the evidence presented is sufficient to support an indictment and whether a trial jury would return a conviction upon the evidence before them (CPL 210.30, subd 1; 70.10, subd 1; *People v Alaxanian,* 89 AD2d 700; *People v Sacco,* 64 AD2d 324). Order reversed, on the law and the facts, count No. 2 of the indictment reinstated, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.