■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRUCE M. LOTT, Respondent. — Appeal from an order of the

County Court of Tompkins County (Barrett, J.), entered March 28, 1984, which granted defendant's motion to dismiss the indictment.

A Tompkins County Grand Jury indicted defendant for the crime of criminal possession of stolen property in the second degree, charging that he knowingly possessed two gold chains on or about September 29, 1983 that had been stolen from one Virginia Bryant two days previously (Penal Law, § 165.45, subd 3). Defendant's motion for a dismissal of the indictment was granted on the ground that it was based upon legally insufficient evidence (CPL 190.65, subd 1; 210.20, subd 1, par [b]). County Court held that there was insufficient evidence before the Grand Jury to establish the requisite element of "knowing" possession (see Penal Law, § 165.55, subd 2). The propriety of this dismissal is the sole issue before us.

The standard of review on a motion to dismiss an indictment for insufficient evidence is whether a clear showing has been made that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant a conviction after trial (*People v Alaxanian*, 89 AD2d 700; *People v Shanklin*, 59 AD2d 588; *People v Dunleavy*, 41 AD2d 717, affd 33 NY2d 573). A prima facie case must be presented encompassing the requisite culpable mental state (*People v Mayo*, 36 NY2d 1002; *People v Delameter*, 96 AD2d 629). We conclude that the evidence in this record was sufficient to sustain the indictment. We recognize that since there was no evidence of how defendant obtained the two gold chains, the People were unable to rely on the statutory presumption of knowledge contained in subdivision 2 of section 165.55 of the Penal Law. The absence of this statutory presumption, however, does not foreclose further review. Knowledge, like any other fact, may be proved circumstantially by the conduct of defendant. Moreover, possession itself permits an inference that the possessor knows what he possesses (*People v Reisman*, 29 NY2d 278, 285; *People v Hadley*, 67 AD2d 259, 262). Viewed in a light most favorable to the People (*People v Dorsey*, 102 AD2d 123, 126; *People v Shanklin, supra*), the evidence supports a finding that defendant was in possession of Bryant's two gold chains which were not on display but were held in a paper wrapper inside the cash drawer; that defendant was unable to recall to whom he had sold them and produced only an unsigned receipt for $30; and that defendant had no record of where he obtained the items despite a city ordinance requiring him to keep records of the individuals from whom he purchased merchandise within the city. The weight to be accorded these factors was for the Grand Jury to determine, not the court (*People v Cole*, 97 AD2d 886; *People v Alaxanian, supra*, p 701). Taken

together, the evidence supports a finding of "knowing" possession. Similarly, the credibility of the witness Bryant as to the identity of the property was also within the province of the Grand Jury. In sum, an examination of all the evidence before the Grand Jury discloses a sufficient basis to make out a prima facie case against defendant for criminal possession of stolen property in the second degree. The indictment should therefore be reinstated.

Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent herewith. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.