■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARILYN DOSSINGER, GEORGE JAMES and ANTHONY HIGDON, Respondents. — Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kellam, J.), dated February 16, 1983, as (1) granted those branches of defendant Dossinger's motion which sought to dismiss two counts of falsifying business records in the first degree (counts 1 and 2), five counts of falsifying business records in the second degree (counts 3 through 7), two counts of endangering the welfare of a child (counts 8 and 9), and two counts of criminal solicitation in the fourth degree (counts 10 and 11) as charged in indictment number 3494/82, (2) granted those branches of defendant James' motion which sought to dismiss three counts of endangering the welfare of a child (counts 2 through 4), as charged in indictment number 3495/82, and (3) granted that branch of defendant Higdon's motion which sought to dismiss one count of endangering the welfare of a child (count 2) as charged in indictment number 3496/82.

Order modified, on the law, (1) by deleting the provision granting those branches of defendant Dossinger's motion which sought to dismiss counts 1, 2, 3, 4, 5, 6, 8, 10 and 11 of indictment number 3494/82 and substituting therefor a provision denying those branches of her motion, and those counts of indictment number 3494/82 reinstated, and (2) by deleting the provision granting those branches of defendant James' motion which sought to dismiss counts 2 and 3 of indictment number 3495/82 and substituting therefor a provision denying those branches of his motion, and those counts of indictment number 3495/82 reinstated. As so modified, order affirmed, insofar as appealed from, and matter remitted for further proceedings on indictments numbers 3494/82 and 3495/82.

In separate indictments, defendants were charged with various crimes arising out of the execution of their duties as employees of the Queensboro Society for the Prevention of Cruelty to Children (QSPCC). Criminal Term dismissed the indictments, primarily on the ground that the evidence adduced was legally insufficient, and the People appeal (see CPL 450.20, subd 1). We modify.

In reviewing Criminal Term's dismissal of the indictments, we are cognizant of the fact that a: "Grand Jury indictment will be upheld when the evidence is legally sufficient to establish a

prima facie case that defendant committed the offense charged, or any lesser-included offense, and the evidence relied upon is competent and admissible such that, if unexplained and uncontradicted, a conviction would be warranted (CPL 190.65, 210.20; *People v Mayo,* 36 NY2d 1002; *People v Brewster,* 100 AD2d 134)" (*People v Makatura,* 102 AD2d 832, 833; see, also, CPL 70.10, subd 1). Further, questions of credibility are for the trier of fact and may not be determined on a motion to dismiss (*People v Finley,* 104 AD2d 450). In essence, the test is "whether the evidence before the Grand Jury if unexplained and uncontradicted would warrant conviction by a trial jury" (*People v Pelchat,* 62 NY2d 97, 105, cited in *People v Danzy,* 104 AD2d 949, 952).

With respect to defendant James, we find sufficient and competent evidence in the record to sustain counts 2 and 3 charging him with endangering the welfare of a child (Penal Law, § 260.10, subd 1), to wit, the children J.R. (Anonymous) and F.R. (Anonymous).

As to defendant Dossinger, while we find that the first two counts of the indictment against her, charging her with falsifying business records in the first degree, were insufficiently established in view of the lack of evidence sufficient to establish her intent to "commit another crime or to aid or conceal the commission thereof" (Penal Law, § 175.10), those counts should not have been dismissed as the evidence was legally sufficient to establish a prima facie case for Grand Jury purposes as to the lesser-included offense of falsifying business records in the second degree (see CPL 210.20, subd 1, par [b]; Penal Law, § 175.05). We further note that the counts charging defendant Dossinger with criminal solicitation in the fourth degree (counts 10 and 11) were improperly dismissed. The evidence presented was insufficient to establish that, with the intent that another engage in an act constituting a felony (i.e., falsifying business records in the first degree), defendant solicited, commanded, importuned or otherwise attempted to cause another to engage in such conduct (see Penal Law, § 100.05, subd 1). However, the evidence was sufficient to establish the lesser violation of criminal solicitation in the fifth degree (Penal Law, § 100.00), the object crime being the A misdemeanor of falsification of business records in the second degree (cf. *People v Clairborne,* 36 AD2d 500, 501, revd on other grounds 29 NY2d 950; *People v Du Pont,* 28 AD2d 1135; CPL 190.65, 190.60, subd 1; Penal Law, § 10.00, subds 3, 6).

Viewing the evidence in the light most favorable to the People (*People v Warner-Lambert Co.,* 51 NY2d 295, 299), we find competent evidence which, if accepted as true, would establish

every element of counts 3 through 6 of indictment number 3494/82 charging Dossinger with falsification of business records in the second degree and count 8 charging her with endangering the welfare of the child R.S. (Anonymous) (see CPL 70.10, subd 1). Notwithstanding the absence before the Grand Jury of the records allegedly falsified, the testimony of those witnesses who actually participated in the events surrounding their falsification constitutes sufficient and legal evidence under the circumstances of this case to sustain counts 3 through 6 charging falsification of business records in the second degree. More specifically, in the case of K. (Anonymous), witness number 1 testified, *inter alia,* that she and defendant Dossinger made up new 2223 forms and then changed the 2221 form or face sheet of the case record to correlate the information contained therein. In the case of S. (Anonymous), witness number 2, with the approval of defendant Dossinger, added facts to the case record delineating events and outcomes which, to that witness' knowledge did not occur. Accordingly, it must be concluded that the documents allegedly falsified were described with reasonable specificity, and were sufficiently identified by those who participated in their falsification.

We have considered the People's remaining contentions and find them to be without merit.

Accordingly, the order appealed from should be modified by reinstating counts 1, 2, 3, 4, 5, 6, 8, 10 and 11 of indictment number 3494/82 and counts 2 and 3 of indictment number 3495/82. As so modified, the order should be affirmed, insofar as appealed from. Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.