■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GUY A. RIDER, Respondent.—Weiss, J. Appeal from an order of the County Court of Greene County (Fromer, J.), entered June 8, 1983, which partially granted defendant's motion to dismiss the indictment.

Defendant is the former Mayor of the Village of Coxsackie in Greene County, having served in office from March 1977 to April 7, 1981. In December 1982, a Supreme Court Grand Jury returned a 72-count indictment against defendant structured as follows: grand larceny in the second degree (two counts), offering a false instrument for filing in the first degree (17 counts), issuing a false certificate (17 counts), official misconduct (18 counts) and improper audit and payment of claims in violation of Village Law § 5-524 (18 counts). Each charge emanates from defendant's certification of several "abstracts of audited vouchers" as having been presented to

and approved by the Village Board of Trustees for payment to the respective claimants. Upon presentation of these vouchers to the Village Clerk-Treasurer, checks were issued in the amounts purportedly authorized. Defendant's motion for a dismissal of the indictment on the ground that it was based on legally insufficient evidence was granted, in part, as follows: (1) County Court dismissed counts 58 through 62, 65 and 67 through 69, pertaining to violations of Village Law § 5-524, upon a determination that each of these counts related to salary items outside the scope of the statute (see, Village Law § 5-524 [5]); (2) having so determined that these vouchers pertained to salary items, County Court further dismissed counts 6 through 9, 12 and 14 through 16, each charging a violation of Penal Law § 175.40 for issuance of a false certificate; and (3) County Court, sua sponte, dismissed each charge of official misconduct (counts 37 through 54) for factual insufficiency (CPL 200.50 [7] [a]; 210.25 [1]). The People have appealed.

The appropriate standard of review upon a motion to dismiss an indictment for insufficient evidence is "whether there has been a clear showing that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant a conviction after trial" (People v Alaxanian, 89 AD2d 700). The weight to be accorded the evidence presented is within the province of the Grand Jury, not the court (People v Eckert, 2 NY2d 126, 129; People v Delameter, 96 AD2d 629; People v Alaxanian, supra, p 701).

Pursuant to Village Law § 5-524 (5), certain expenditures, including salary and wages, need not be audited. On the premise that any vouchers listing salary items were thus not violative of this provision, County Court dismissed the relevant counts of the indictment noted above. In so doing, however, the court improperly took upon itself the factual determination of whether these particular items constituted true advance payments of salary to defendant. The evidence before the Grand Jury established that from October 1979 to November 1980, defendant submitted vouchers for payments to himself that exceeded his actual salary by approximately $1,600. Whether these payments constituted an advance in salary or a wrongful taking of funds from the municipality presented a factual issue exclusively for the Grand Jury to resolve. Moreover, the proof before the Grand Jury was legally sufficient to sustain these particular counts of the indictment (see, People v Mayo, 36 NY2d 1002, 1004). The Village Trustees all denied having authorized any salary advances. A representative of

the State Department of Audit and Control testified that payroll items were established in the annual budget, and thus not included on voucher claims. This testimony was reiterated by the Village payroll clerk, who also noted that these items were not included in defendant's annual W-2 withholding statement, nor listed in his annual salary print-out sheets. From the foregoing, a prima facie case was presented that the voucher items directly payable to defendant were not salary advances, but unauthorized payments. Accordingly, so much of the underlying order as dismissed counts Nos. 6 through 9, 12, 14 through 16, 58 through 62, 65 and 67 through 69 must be reversed and each count reinstated.

We further conclude that County Court erred in dismissing the charges of official misconduct, which essentially require a showing that defendant knowingly committed an unauthorized act relating to his office intending to benefit himself (Penal Law § 195.00 [1]). Each count in the indictment specifically alleged that "defendant did *participate* in the improper payment of claims submitted to the Village of Coxsackie" (emphasis supplied). The court determined that the allegation of participation failed to adequately apprise defendant of the unauthorized acts for which he was being charged and was thus insufficient as a matter of law (CPL 200.50 [7] [a]). One of the essential functions of an indictment is to specify *what* the accused did *(see, People v Morris,* 61 NY2d 290, 293). The indictment, however, need not specify the details of the wrongful conduct, which may appropriately be outlined in a bill of particulars *(People v Iannone,* 45 NY2d 589, 597-598; *People v Fitzgerald,* 45 NY2d 574, 579-580). It is enough if a defendant is adequately apprised of the crime for which he has been indicted *(People v Craft,* 87 AD2d 662). Here, each count of the indictment specified by name and section the particular statute violated, i.e., "Official Misconduct, contrary to § 195.00 of the Penal Law". In our view, each of these charges satisfied the statutory mandate, and the further particulars as to how defendant participated in the improper payments are more properly the subject of a request for a bill of particulars (CPL 200.95). Instead of dismissing these charges (counts Nos. 37 through 54), County Court should have directed that a bill of particulars be provided.

Order modified, on the law, by reversing so much thereof as partially granted defendant's motion to dismiss the indictment; motion denied, indictment reinstated in its entirety and the People are directed to provide defendant a bill of particulars regarding counts Nos. 37 through 54 thereof; and, as so

modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.