■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL TIMMONS, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Queens County

(Chetta, J.), dated April 9, 1986, as granted that branch of the defendant's motion which was to dismiss the first count of a four-count indictment, charging the defendant with criminal possession of a controlled substance in the third degree, on the ground that the evidence before the Grand Jury was insufficient.

Ordered that the order is reversed insofar as appealed from, the first count of the indictment is reinstated and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant possessed a total quantity of cocaine weighing ⅜ ounce, plus 44 grains. The cocaine was of two types, powder and hard powder, and packaged in 119 individual bags, each with cocaine present. The defendant also possessed $249 in cash and a pistol.

Criminal Term acknowledged that criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree as charged in the first count of the indictment. Nonetheless, it dismissed that count because it found that the evidence before the Grand Jury was insufficient to establish the intent to sell in that there was no evidence aside from the mere possession of cocaine to show the defendant's intent to sell or attempt to sell or solicit. Criminal Term did not have the discretion to dismiss a count of the indictment where the evidence submitted to the Grand Jury would support a lesser included crime (see, People v Leonardo, 89 AD2d 214, 216, affd 60 NY2d 683; People v Dossinger, 106 AD2d 661).

Moreover, the defendant's possession of 119 separate packages, each containing 1 of 2 variant forms of cocaine, was legally sufficient (CPL 70.10 [1]) to permit the Grand Jury to find that the defendant intended to sell (see, People v Mayo, 36 NY2d 1002, 1004; People v Leonardo, supra, at 217; see also, Turner v United States, 396 US 398, reh denied 397 US 958). Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.