■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS C. WIRTZ, Respondent.—Appeal by the People from an order of the County Court, Dutchess County (King, J.), dated January 23, 1986, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed, that branch of the motion is denied, the indictment is reinstated and the matter is remitted to the County Court, Dutchess County, for further proceedings.

Viewing the evidence before the Grand Jury in the light most favorable to the People *(People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031), we conclude that it is legally sufficient to establish a prima facie case that the defendant committed the offenses charged and that the proof relied upon is competent and admissible such that, if unexplained and uncontradicted, a conviction would be warranted *(see, People v Dossinger,* 106 AD2d 661, 662; *People v Makatura,* 102 AD2d 832, 833). Evidence that a breathalyzer test administered within two hours of the accident by a properly certified operator (Vehicle and Traffic Law § 1194 [9]) showed

the defendant to have a blood alcohol content of .10% was sufficient to establish, prima facie, a violation of Vehicle and Traffic Law § 1192 (2) *(People v Mertz,* 68 NY2d 136, 139).

The mere act of driving a motor vehicle while there is any alcoholic impairment of the driver's ability to operate that vehicle suffices to establish a violation of Vehicle and Traffic Law § 1192 (1) *(see, People v Cruz,* 48 NY2d 419, 426, *appeal dismissed* 446 US 901). The testimony that the defendant was traveling at a rate in excess of the speed limit, that he made no attempt to stop prior to the impact and that he failed to perceive the pedestrian, established a prima facie case that the defendant was operating a motor vehicle while his ability to do so was impaired by his consumption of alcohol. In reaching a contrary determination, the County Court improperly acted as an arbiter of credibility in weighing the conflicting evidence presented before the Grand Jury *(see, People v Alaxanian,* 89 AD2d 700; *People v Cole,* 97 AD2d 886).

Inasmuch as the prosecutor properly furnished the Grand Jury with sufficient information to enable it to intelligently decide whether there exists legally sufficient evidence to establish the material elements of the crime, the subject indictment was improperly dismissed and must be reinstated *(see, People v Goetz,* 68 NY2d 96, 115; *People v Valles,* 62 NY2d 36, 38; *People v Calbud, Inc.,* 49 NY2d 389, 394). Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.