■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ORENZO JONES, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Berkowitz, J.), dated December 9, 1987, as granted that branch of the defendant's omnibus motion which was to dismiss the first count of a two-count indictment, with leave to resubmit that count to the same or another Grand Jury.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the first count of the indictment is denied, the first count of the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The defendant was indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Both counts of the indictment were premised on the defendant's possession of 24 vials of cocaine weighing a total of 30 grains. The arresting officer testified before the Grand Jury that, at the time of the arrest, he recovered from the defendant the cocaine and $243.

The Supreme Court tacitly acknowledged that competent admissible evidence supports the second count of the indictment *(see, People v Dossinger,* 106 AD2d 661) and that the second count is a lesser included offense of the first *(see,* CPL 1.20 [37]; *People v Timmons,* 127 AD2d 806, *lv denied* 69 NY2d 1010). It nonetheless granted that branch of the defendant's omnibus motion which was to dismiss the higher first count of the indictment, noting that the indictment contained a count charging the defendant with the lesser included offense and finding that there was insufficient evidence before the Grand Jury to establish that the defendant possessed the cocaine with intent to sell it *(see,* Penal Law § 220.16; *see also,* CPL 210.20 [1] [b]; 210.30). It also implicitly concluded that the Grand Jury proceeding was defective because the presentation of the testimony that $243 was recovered from the defendant was prejudicial *(see,* CPL 210.20 [1] [c]; 210.35 [5]).

On a motion attacking the sufficiency of the Grand Jury evidence, the Supreme Court does "not have the discretion to dismiss a count of the indictment where the evidence submitted to the Grand Jury would support a lesser included crime" *(People v Timmons, supra,* at 807) and it is immaterial that the lesser included offense is actually charged in the indictment *(cf., People v Deitsch,* 97 AD2d 327; *see also, People v Dossinger, supra).* Inasmuch as competent admissible evidence supports at least the second count of the indictment *(cf., People v Timmons, supra),* we cannot say that the Grand Jury proceeding was rendered defective *(see,* CPL 210.35 [5]) by the evidence that money was seized from defendant's person, notwithstanding the fact that such evidence may be inadmissible at trial *(see, People v Brown,* 71 AD2d 918; *cf., People v Milom,* 75 AD2d 68). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.