OPINION OF THE COURT
M. John Sherman, J.
*550 Defendant is charged with criminal contempt in the first degree and criminal contempt in the second degree, based upon separate incidents.
In these omnibus pretrial motions, the court has reviewed the moving papers, and the People’s response.
Upon its review, the court reaches the following conclusions.
Dismissal Based upon Insufficiency of Grand Jury Testimony
Defendant seeks dismissal of the first count of the indictment, criminal contempt in the first degree, upon the grounds that the People failed to provide proof that defendant’s prior conviction for criminal contempt in the second degree was a sufficient predicate offense under Penal Law § 215.51 (c).
Penal Law § 215.51 (c), in pertinent part, reads as follows:
“A person is guilty of criminal contempt in the first degree when:
“(c) he . . . commits the crime of criminal contempt in the second degree as defined in subdivision three of section 215.50 of this article by violating that part of a duly served order of protection . . . issued, under sections two hundred forty and two hundred fifty-two of the domestic relations law, articles four, five, six and eight of the family court act and section 530.12 of the criminal procedure law . . . which requires the respondent or defendant to stay away from the person or persons on whose behalf the order was issued, and where the defendant has been previously convicted of the crime of criminal contempt in the . . . second degree for violating an order of protection as described herein within the preceding five years . . . .” (Emphasis added.)
Defendant’s predicate conviction in the present case was for criminal contempt in the second degree, on August 8, 2000, in Ulysses Town Court. The order of protection that defendant was convicted of violating in that case was issued by the Ithaca City Court under CPL 530.13, and defendant was convicted of placing telephone calls to the protected party, but not physical contact with her.
Defendant contends that a conviction under Penal Law § 215.51 (c) requires the following: (1) that the current offense constitute a violation of an order of protection issued under one of the specified sections of law, and that the conduct must involve a failure to stay away from the protected party; and (2) *551 that the predicate conviction must have occurred under these same restrictions (as indicated by the restrictive phrase that such prior order of protection must have been violated “as described herein”).
In a recent case involving the construction of Penal Law § 215.51 (c), the Second Department held that the statutory language clearly required present conduct whereby the defendant failed to stay away from the protected party, rather than any other violation of an order of protection. On that point, the Second Department stated:
“The unambiguous language of Penal Law § 215.51 (c) is a clear indication of the Legislature’s intent to limit the reach and scope of the statute. Had the Legislature intended a more expansive application of felony criminal liability for violations of orders of protection it could have so provided by omitting the limiting language. By doing so, the Legislature would have created felony liability for recidivist violator of any provision of an order of protection ... It did not do so, and we decline the People’s invitation to create criminal liability when none is written.” (People v Dewall, 15 AD3d 445, 500 [2d Dept 2005] [citations omitted].)
It is a well-established principle of statutory construction that a court should not engage in strained interpretations to extend criminal liability beyond the fair scope of the statutory mandate. (Dewall, supra; People v Hedgeman, 70 NY2d 533 [1987].) In this case, the plain meaning of the restrictive phrase “as described herein” in section 215.51 (c) is that both the predicate offense and the instant offense must have constituted violations of orders of protection issued only under the specified sections of law, and in both cases the conduct must have involved a failure to stay away from the protected party.
Therefore, the evidence before the grand jury was insufficient to establish the crime of criminal contempt in the first degree under Penal Law § 215.51 (c). However, the court can only dismiss a count where the evidence fails to establish all of the elements of the crime charged or any lesser included offense. (CPL 210.20 [1] [b].) There is no discretion to dismiss a count of an indictment where the evidence submitted to the grand jury would support a lesser included offense. (People v Jones, 141 AD2d 763 [2d Dept 1988].)
*552 In this case, the evidence supports the lesser included offense of criminal contempt in the second degree under Penal Law § 215.50 (3). Accordingly, the motion to dismiss count one is denied.
[Portions of opinion omitted for purposes of publication.]