*595 OPINION OF THE COURT
Richard B. Meyer, J.
Pretrial motion (CPL 255.10) by the defendant for relief in the nature of dismissal or reduction of an indictment, preclusion and suppression of evidence, granting/compelling discovery, and other relief.
The defendant is charged by a single count indictment with the crime of attempted bribing a witness (Penal Law §§ 110.00, 215.00), a class E felony. The charge arises out of an incident alleged to have occurred on or about March 15, 2008 in the Town of North Elba, Essex County, in which the defendant is alleged to have suggested to the witness, Nicole Hudson, the defendant’s former paramour, that she drop criminal charges against the defendant in exchange for his discontinuance of a small claims action for money damages. At the time of the claimed incident, the defendant was facing misdemeanor charges of assault in the third degree and endangering the welfare of a child arising out of an incident allegedly occurring on August 1, 2007 and there was also pending between the parties a small claims action commenced by the defendant seeking money damages from Hudson in the amount of $580 based upon her having retained and used compensation from his employment purportedly without his consent.
The defendant moves to dismiss the indictment on the grounds that (1) the indictment is defective (CPL 210.20 [1] [a]; 210.25), (2) the evidence before the grand jury was not legally sufficient to establish the offenses charged or any lesser included offense (CPL 210.20 [1] [b]; 210.30), and (3) the grand jury proceeding was defective (CPL 210.20 [1] [c]; 210.35). The defendant also moves to inspect the grand jury minutes (CPL 210.30).
An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime, such as by failing to allege that the defendant committed acts constituting every material element of the crime charged (People v Iannone, 45 NY2d 589, 600 [1978]). Incorporation by reference to the statute operates to constitute allegation of the elements of the crime (see People v D’Angelo, 98 NY2d 733 [2002]; People v Ray, 71 NY2d 849 [1988]; People v Cohen, 52 NY2d 584, 586 [1981]; People v Squire, 273 AD2d 706, 706-707 [2000]). The court has examined the indictment and finds that it fully complies with CPL 200.50 (7).
*596 The defendant’s motion to inspect the grand jury minutes is granted and the court has reviewed the grand jury minutes to determine whether sufficient evidence was presented to support each and every count in the indictment. “[A]n indictment is presumed to be based on legal and sufficient evidence” (People v Bergerson, 17 NY2d 398, 402 [1966]; see also People v Howell, 3 NY2d 672, 675 [1958]). In determining the sufficiency of the evidence before the grand jury, including proof encompassing any requisite culpable mental state (People v Mayo, 36 NY2d 1002 [1975]; People v Lott, 104 AD2d 710 [1984]; People v Delameter, 96 AD2d 629 [1983]), the court must view such evidence in a light most favorable to the prosecution, and determine whether such evidence, if unexplained and uncontradicted, would constitute prima facie proof so as to warrant a conviction after trial (People v Swamp, 84 NY2d 725, 730 [1995]; People v Pelchat, 62 NY2d 97, 105 [1984]; People v Valles, 62 NY2d 36 [1984]; People v Dunleavy, 41 AD2d 717 [1973], affd 33 NY2d 573 [1973]). “In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt” (People v Mayo at 1004).
“In determining whether the People have reached this stage, all questions as to the quality or weight of the proof should be deferred. In other words if the prosecutor has established a prima facie case, the evidence is legally sufficient ‘even though its quality or weight may be so dubious as to preclude indictment or conviction pursuant to other requirements.’ To further illustrate the point the Commission Staff noted that ‘evidence may be “legally sufficient” to support a charge although it does not prove guilt “beyond a reasonable doubt,” and for that matter, although it does not even provide “reasonable cause” to believe that the defendant committed the crime charged.’ (See Commission Staff Comment to Proposed CPL 35.10, now CPL 70.10.)” (People v Sabella, 35 NY2d 158, 167 [1974].)
The grand jury minutes reveal that Hudson testified that she called the defendant’s sister on or about March 15, 2008. She stated that the defendant answered the phone and “said that he would drop the small claims suit if I didn’t testify and drop the case against him.” Also testifying was Megan Ward, a friend of Hudson and a babysitter for Hudson’s two *597 children. Ward testified that she was present at the time of the March 15, 2008 telephone call between Hudson and the defendant and that she overheard “him tell her that if she dropped the criminal charges, that he would drop all the small claims court stuff.”
The crimes of bribing a witness (Penal Law § 215.00) and bribe receiving by a witness (Penal Law § 215.05) are identical except for the fact that the former applies to the bribe maker and the latter to the bribe recipient. In People v Harper (75 NY2d 313 [1990]), the Court of Appeals reversed a defendant’s conviction after trial for bribe receiving by a witness, holding that “a ‘release’ agreement in which one party agrees to ‘drop’ criminal and civil charges in exchange for money and other valuable consideration ... is, without more, legally insufficient to establish the elements of the crime” (id. at 314). In addition to noting “that the determination as to whether and how to prosecute a criminal case belongs to the District Attorney and not the complainant (see, Matter of Schumer v Holtzman, 60 NY2d 46, 52; People v Zimmer, 51 NY2d 390, 394)” (id. at 318), the Court explained:
“As common sense and experience suggest, agreeing to ‘drop’ charges is certainly not the same as agreeing to alter testimony or absent oneself entirely from a proceeding. Consequently, evidence that someone has agreed to do the former cannot alone be used as a basis to infer the existence of an agreement to do the latter. To the contrary, an agreement to ‘drop’ criminal charges says nothing about the promisor’s intention to appear and testify truthfully in the event that the prosecutor decides to proceed despite the promisor’s wishes to the contrary. At worst, it suggests a fundamental misunderstanding by one or both parties of the power that private citizen-complainants have over the conduct of criminal proceedings.
“Thus, the decision to drop charges cannot provide a sufficient basis from which a rational jury could infer that defendant had entered into the kind of agreement prohibited by Penal Law § 215.05” (id.).
Here, there was no evidence presented to the grand jury that the defendant, in addition to suggesting that the criminal and civil charges be dropped, also sought an agreement by Hudson *598 to either perjure or absent herself if the assault and endangering charges had gone to trial. As a result, the indictment is hereby dismissed and the defendant’s remaining contentions need not be reached.