People v Derevyanchenko (2023 NY Slip Op 23095)

[*1]

People v Derevyanchenko (Andriy)

2023 NY Slip Op 23095

Decided on March 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2018-1908 K CR

The People of the State of New York, Respondent,
against
Andriy Derevyanchenko, Appellant. 

Mark Diamond, for appellant.
Kings County District Attorney (Leonard Joblove, Seth Lieberman and Ann Bordley of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Elizabeth N. Warin, J.), rendered August 3, 2018. The judgment convicted defendant, after a nonjury trial, of driving while ability impaired, disobeying a traffic control device and speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), disobeying a traffic control device (Vehicle and Traffic Law § 1110 [a]), and speeding (Vehicle and Traffic Law § 1180 [a]) for conduct that allegedly occurred on June 24, 2017. Subsequently, defendant filed a motion to dismiss the accusatory instrument upon statutory and constitutional speedy trial grounds. Without conceding that they had exceeded their statutory speedy trial time for prosecuting a misdemeanor, the People made an application to dismiss the driving while intoxicated (common law) charge and defendant withdrew the motion. Following a nonjury trial, defendant was convicted of the remaining charges, all traffic infractions.
Since defendant withdrew his speedy trial motion, his speedy trial claim is not reviewable by this court. Even if it were, we note that, prior to January 1, 2020, it had been the rule that a defendant had no statutory right to a speedy trial for the prosecution of a traffic infraction (see People v Harvey, 76 Misc 3d 134[A], 2022 NY Slip Op 50932[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v O'Halloran, 40 Misc 3d 133[A], 2013 NY Slip Op 51142[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Graham, 39 Misc 3d 35 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Effective January 1, 2020, the legislature amended CPL 30.30 to add CPL 30.30 (1) (e), which states that the term "offense" includes traffic infractions for the purpose of subdivision 1 of CPL 30.30. In People v Galindo (38 NY3d 199, 206-207 [2022]), the Court of Appeals held that the statutory speedy trial provisions of CPL 30.30, as amended effective January 1, 2020, do not apply retroactively to prosecutions commenced before its effective date. Consequently, because the amended statute was not in effect when the instant action against defendant was commenced in 2017, statutory speedy trial time does not apply to the traffic infractions of which defendant was convicted (see Galindo, 38 NY3d at 207; Harvey, 2022 NY Slip Op 50932[U]).
Defendant's challenge to the legal sufficiency of the evidence presented to support his conviction of driving while ability impaired is preserved for appellate review since, when moving for a trial order of dismissal, he raised, with specificity, the same contentions now being argued on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Vehicle and Traffic Law § 1192 (1) provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." To establish a prima facie case, the People were required to show that defendant operated a motor vehicle while his ability to do so was impaired by the consumption of alcohol (see Vehicle and Traffic Law § 1192 [1]; People v Cruz, 48 NY2d 419, 426 [1979]; People v Wirtz, 128 AD2d 745, 746 [1987]). A person's ability to operate a motor vehicle is impaired by the consumption of alcohol when the alcohol has actually impaired, to any extent, the physical and mental abilities which such person is expected to possess in order to operate a vehicle as a reasonable and prudent driver (see People v Litto, 8 NY3d 692, 706 [2007]; Cruz, 48 NY2d at 427; People v Scott, 60 Misc 3d 128[A], 2018 NY Slip Op 50939[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Here, the arresting officer testified that he observed the vehicle that defendant was driving accelerate and swerve into the opposite lane of traffic by crossing solid double yellow lines that were painted on the roadway. He further testified that defendant came very close to hitting a parked car before pulling over. After stopping defendant, the officer observed defendant to have bloodshot watery eyes, slurred speech, and he smelled a strong odor of alcohol on defendant's breath. The officer further observed defendant wobble upon exiting the vehicle. Defendant admitted to the arresting officer that he had drunk a beer. Additionally, a certified technician at the Police Department's Intoxicated Drivers Testing Unit testified to having observed similar indicia of intoxication when defendant was brought in for testing. Both officers opined that defendant was intoxicated. Viewing the foregoing evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that there is a valid line of [*2]reasoning and permissible inferences from which a rational trier of fact could have determined that defendant's guilt of driving while ability impaired was proven beyond a reasonable doubt (see People v Bryan, 63 Misc 3d 156[A], 2019 NY Slip Op 50821[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Scott, 2018 NY Slip Op 50939[U]). Additionally, upon a review of the record, we find no basis to disturb the Criminal Court's credibility determinations and, as a result, we are satisfied that the verdict of guilt of driving while ability impaired was not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; Scott, 2018 NY Slip Op 50939[U]). 
Defendant contends that the count of disobeying a traffic control device, as charged in the prosecutor's information, was jurisdictionally defective since it failed to specify that the traffic control device which he was alleged to have disobeyed was solid double yellow lines. This contention is without merit since the prosecutor's information was supported by the allegations of the factual part of the original information (see CPL 100.50 [2]; People v Dublin, 71 Misc 3d 133[A], 2021 NY Slip Op 50358[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]), which did allege this fact.
Defendant's challenge to the legal sufficiency of the evidence presented to establish his guilt of disobeying a traffic control device is also preserved for appellate review (see CPL 470.05 [2]; Hawkins, 11 NY3d at 492; Gray, 86 NY2d at 19). Vehicle and Traffic Law § 153 defines traffic control devices as "[a]ll signs, signals, markings, and devices not inconsistent with this chapter placed or erected by authority of a public body or official having jurisdiction for the purpose of regulating, warning or guiding traffic." Thus, as the Criminal Court correctly determined, solid double yellow line pavement markings are considered to be a traffic control device for purposes of Vehicle and Traffic Law § 1110 (see People v Quiros, 66 Misc 3d 142[A], 2020 NY Slip Op 50167[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). While defendant contends that there was no evidence presented at trial that the double yellow lines on the roadway were placed by authority of a public body or official having jurisdiction for the purpose of regulating, warning or guiding traffic, Vehicle and Traffic Law § 1110 (c) creates a presumption in favor of the People that they were so placed and, here, defendant did not establish "the contrary . . . by competent evidence" (see People v Guthrie, 25 NY3d 130, 140 [2015]; see also Vehicle and Traffic Law § 1110 [d]). Consequently, when viewed in the light most favorable to the People (see Contes, 60 NY2d at 621), the evidence was legally sufficient to establish defendant's guilt of violating Vehicle and Traffic Law § 1110 (a). Moreover, upon a review of the record, we find that the verdict convicting defendant of disobeying a traffic control device was not against the weight of the evidence. 
Defendant's challenge to the legal sufficiency of the evidence presented to support his conviction of speeding is not preserved for appellate review since, when moving for a trial order of dismissal, he failed to raise, with specificity, the same contention now being argued on appeal (see CPL 470.05 [2]; Hawkins, 11 NY3d at 492; Gray, 86 NY2d at 19). We further find that the verdict convicting defendant of violating Vehicle and Traffic Law § 1180 (a) was not against the weight of the evidence (see CPL 470.15 [5]; Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed.
BUGGS, J.P., OTTLEY and VENTURA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 24, 2023